EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| María del Rocío Fonte Elizondo y Stella Infanzón Padilla<br><br>     Peticionarias<br><br>          v.<br><br>F & R Construction, S.E., Mora Development, Corp.<br><br>     Recurridos | Certiorari<br><br>2016 TSPR 194<br><br>196 DPR ____ |

Número del Caso: CC-2014-528


Fecha: 1ro de septiembre de 2016


Tribunal de Apelaciones:

     Región Judicial de Bayamón, Panel VII


Abogado de la parte Peticionaria:

     Lcdo. Carlos E. Aguilar Pérez


Abogado de la parte Recurrida:

     Lcdo. Juan E. Nater Santana


Materia: Derecho administrativo – Efecto de que una agencia acoja, resuelva y archive en autos su decisión sobre una moción de reconsideración antes del plazo estatutario, pero deposita en el correo la notificación luego de transcurrido el plazo

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| María del Rocío Fonte Elizondo y Stella Infanzón Padilla<br><br>    Peticionarias<br><br>        v.<br><br>F & R Construction, S.E., Mora Development, Corp.<br><br>    Recurridos | CC-2014-528 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado señor Estrella Martínez

San Juan, Puerto Rico, a 1 de septiembre de 2016.

Nos corresponde precisar el efecto de que una agencia administrativa acogió, resolvió y archivó en autos su decisión, en torno a una moción de reconsideración, antes del plazo estatutario dispuesto en la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, *infra*, pero por inadvertencia depositó en el correo la notificación de ese dictamen con posterioridad. Específicamente, debemos determinar si el acto de notificación posterior privó de jurisdicción a la agencia administrativa, y en consecuencia, si la parte que solicitó revisión judicial acudió tardíamente al Tribunal de Apelaciones. Veamos.

I

Mediante querella presentada contra F & R Construction, S.E. y Mora Development, Corp. (F & R y Mora) ante el Departamento de Asuntos del Consumidor (DACO), María del Rocío Fonte Elizondo y Stella Infanzón Padilla (Fonte e Infanzón) alegaron la existencia de ciertos vicios de construcción que resultaban en la ruina funcional de su inmueble. Fonte e Infanzón solicitaron que se resolvieran los problemas existentes y/o que DACO ordenara lo que en derecho procediera.

Luego de los procesos de rigor, el 30 de marzo de 2005, DACO emitió una Resolución en la que declaró con lugar la querella presentada, al concluir que los desperfectos del inmueble constituían ruina funcional. De esta forma, ordenó a F & R y Mora realizar las reparaciones necesarias, y advirtió que de no efectuarlas, vendrían obligadas a pagar $13,500, más intereses. Además, impuso $5,000 por costas y honorarios de abogado. En desacuerdo con los montos fijados por DACO, Fonte e Infanzón solicitaron reconsideración. Con esto, se inició un proceso que desembocó en un sinnúmero de trámites procesales, impertinentes a la controversia ante nos, los cuales se extendieron por varios años hasta que este Tribunal emitió la Sentencia de 17 de junio de 2011. Mediante ésta, se ordenó a DACO celebrar una vista para que Fonte e Infanzón probaran los alegados daños sufridos

y para atender su reclamo con relación a la cuantía de honorarios de abogado otorgada.

Como resultado de la Sentencia emitida por este Tribunal, DACO celebró la correspondiente vista, y el 18 de abril de 2013, emitió una Resolución en la que ordenó a F & R y Mora el pago solidario de $50,000 por daños y $18,000 por honorarios de abogado a favor de Fonte e Infanzón. Copia de dicha resolución fue archivada en autos el 19 de abril de 2013. Inconforme, el 2 de mayo de 2013, la peticionaria solicitó reconsideración, con el fin de aumentar las cuantías concedidas. El 9 de mayo de 2013, DACO acogió la moción de reconsideración y concedió a F & R y Mora un término para expresarse. Posteriormente, el 31 de julio de 2013, DACO emitió y archivó en autos una Resolución en Reconsideración aumentando la partida en daños, pero dejó inalterada la partida por honorarios de abogado. La Resolución en Reconsideración fue depositada en el correo el 1 de agosto de 2013.

Descontentas con la Resolución en Reconsideración, el 30 de agosto de 2013, F & R y Mora presentaron un recurso de revisión ante el Tribunal de Apelaciones. No obstante, éste no fue notificado a Fonte e Infanzón. Por su parte, y sin conocer del recurso presentado por F & R y Mora, Fonte e Infanzón presentaron el 3 de septiembre de 2013 su propio recurso de revisión ante el foro apelativo intermedio. Ambos recursos fueron consolidados.

Las partes presentaron sendas solicitudes de desestimación ante el foro apelativo intermedio. Fonte e Infanzón solicitaron la desestimación del recurso presentado por F & R y Mora, ya que éstas incumplieron con notificarles el recurso de revisión. Por su parte, F & R y Mora solicitaron la desestimación del recurso presentado por Fonte e Infanzón aduciendo que éste fue presentado tardíamente. Para ello, sostuvieron que DACO no tenía jurisdicción cuando notificó el 1 de agosto de 2013 la Resolución en Reconsideración, por lo que alegaron que el término para ir en alzada comenzó a decursar el 31 de julio de 2013, cuando vencía el término para disponer de la reconsideración presentada. Dirimidas las posturas de las partes, el Tribunal de Apelaciones, dictó Sentencia el 14 de octubre de 2013 en la que desestimó ambos recursos.

En lo aquí pertinente, el Tribunal de Apelaciones entendió que el recurso presentado por Fonte e Infanzón fue tardío. Razonó que aunque DACO emitió y archivó en autos su decisión en reconsideración el último día del plazo estatutario, por haberse notificado al día siguiente, perdió jurisdicción en torno a la moción de reconsideración. Por tanto, concluyó que el término para acudir en revisión comenzó a transcurrir el 31 de julio de 2013 y el recurso presentado por Fonte e Infanzón el 3 de

septiembre de 2013 fue presentado tardíamente.[1] Fonte e Infanzón solicitaron reconsideración, la cual fue declarada No Ha Lugar el 30 de mayo de 2014.

Oportunamente, Fonte e Infanzón recurren ante nos mediante auto de *certiorari*. En éste, solicitan la revocación parcial de la Sentencia del 14 de octubre de 2013, que declaró tardío el recurso presentado por éstas.

Así las cosas, este Tribunal expidió el recurso presentado mediante Resolución emitida el 12 de diciembre de 2014. Con el beneficio de las comparecencias de las partes, procedemos a atender el asunto ante nuestra consideración.

II

Para determinar si el Tribunal de Apelaciones actuó correctamente al desestimar el recurso por falta de jurisdicción, es preciso referirnos a las disposiciones contenidas en la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (LPAU), Ley Núm. 170 de 12 de agosto de 1988, 3 LPRA sec. 2101 *et seq.* Procedemos.

La LPAU creó un cuerpo de reglas mínimas que rige las agencias administrativas cobijadas por el estatuto. En lo particular, establece cuándo procede la revisión judicial. A estos efectos, instaura que, de ordinario, ésta se realiza una vez se concluyen los trámites administrativos

---

[1] En su dictamen, el Tribunal de Apelaciones tomó como punto de partida el momento en que la agencia perdía jurisdicción para resolver la moción de reconsideración presentada.

y se adjudican todas las controversias pendientes ante la agencia. J. Exam Tec. Méd. v. Elías, *et al.*, 144 DPR 483, 490 (1997). Como parte de esos trámites el legislador contempló la posibilidad de que las agencias administrativas pudiesen corregir sus errores, mediante el mecanismo de reconsideración. Ciertamente, ese mecanismo promueve reducir al máximo posible incurrir en procesos de revisión judicial, procurando alcanzar los postulados de justicia y economía, enmarcados en la declaración de política pública de la LPAU. Véase, Sec. 1.2 de la LPAU, 3 LPRA sec. 2101.

En lo que nos concierne, la Sec. 3.15 de la LPAU, 3 LPRA sec. 2165, provee para que se pueda solicitar reconsideración ante una agencia administrativa. También delimita expresamente las acciones que debe realizar la agencia para no perder jurisdicción al disponer:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración,** el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. **Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de**

**la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.**

**Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.** Íd. (Énfasis suplido).

Por otra parte, la Sec. 4.2 de la LPAU, 3 LPRA sec. 2172, regula la solicitud de revisión ante el Tribunal de Apelaciones al establecer que la parte afectada puede acudir en revisión ante el Tribunal de Apelaciones en un término de treinta (30) días, contados a partir de la fecha de archivo en autos de la copia de la notificación de la orden o resolución de la agencia o a partir de la fecha aplicable con relación a la disposición de una moción de reconsideración.

Así pues, de conformidad con la Sec. 3.15 de la LPAU, *supra*, una parte adversamente afectada por una resolución de una agencia puede solicitar reconsideración en el término jurisdiccional de veinte (20) días desde el archivo en autos de la resolución u orden que desea revisar. Si la agencia la rechaza de plano o no actúa dentro de quince (15) días de presentada la moción de reconsideración, el término para acudir en revisión al

Tribunal de Apelaciones comienza a computarse desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Empero, cuando la agencia toma alguna determinación, como lo es ordenar a la parte adversa que presente su posición, el término para acudir en alzada no comienza a transcurrir hasta que la agencia resuelva definitivamente la reconsideración solicitada. Véanse, Asoc. de Cóndomines v. Meadows Dev., 190 DPR 843 (2014); Ortiz v. Adm. Sist. de Retiro Emp. Gob., 147 DPR 816, 822-823 (1999).[2]

De igual forma, y cónsono con la Sec. 4.2 de la LPAU, *supra*, la citada sección considera **el archivo en autos de la notificación** disponiendo de la reconsideración como el punto de partida para el cómputo del término para acudir en alzada. Empero, protege el derecho de las partes a acudir en alzada cuando el archivo en autos no es notificado simultáneamente. Pues, recordamos que ordinariamente "como cuestión práctica y de realidad la

---

[2]Véase, Asoc. Condómines v. Meadows Dev., 190 DPR 843 (2014) para un desarrollo histórico de los cambios con relación a los términos dispuestos para atender una solicitud de reconsideración ante las agencias administrativas. En ese caso, este Tribunal señaló que la agencia puede prorrogar por un término adicional de treinta (30) días el término de noventa (90) días que tiene para resolver una moción de reconsideración debidamente presentada y acogida, por lo que ésta tendrá hasta un máximo de ciento veinte (120) días para resolver una moción de reconsideración. De igual forma, aclaró que el término adicional de treinta (30) días para resolver la moción de reconsideración no se computa desde que se notifique la decisión de la agencia de prorrogar el mismo, sino que el plazo adicional se añade al término contado a partir de la presentación de la moción de notificación. Íd., págs. 852-853.

notificación y el archivo en autos son actos que se realizan **al mismo tiempo** y la experiencia nos ha demostrado que así es". (Énfasis suplido). Véase, García Claudio v. García Guevara, 145 DPR 659, 662 (1998) citando a Figueroa Rivera v. Tribunal Superior, 85 DPR 82, 88 (1962). De esta forma, se protege a una parte, que es notificada posteriormente a la fecha en que se archivó en autos la disposición del asunto ante la consideración de la agencia, de que no sea privada de su derecho a solicitar revisión judicial. Cónsono con ello, y a la luz de nuestras expresiones en Rodríguez et al. v. A.R.Pe., 149 DPR 111 (1999) y en Hosp. Dr. Domínguez v. Ryder, 161 DPR 341 (2004), sobre el hecho de que el término para interponer un recurso de revisión judicial comienza a decursar desde el depósito en el correo del archivo en autos de la notificación, la Asamblea Legislativa aprobó la Ley Núm. 132-2013. El propósito de esta pieza legislativa consistió en proteger el derecho de las partes a solicitar revisión judicial por la inadvertencia de los oficiales encargados de archivar en autos y enviar simultáneamente las notificaciones de las resoluciones u órdenes administrativas. Por consiguiente, se incorporó y aclaró que si la fecha de archivo en autos es distinta a la del depósito en el correo, el plazo para interponer el recurso de revisión comienza a partir de la fecha del depósito en el correo. Véase, además, Florenciani v. Retiro, 162 DPR 365 (2004). Con ello, se salvaguardan las

garantías del debido proceso de ley para que las partes puedan instar oportunamente su recurso de revisión al foro apropiado cuando, por excepción, existe una tardanza entre la fecha de archivo en autos y la fecha en que éste se deposita en el correo. Hosp. Dr. Domínguez v. Ryder, *supra*, págs. 345-346. Por consiguiente, la demora excepcional en la notificación posterior del dictamen no puede limitar a la parte afectada de preparar y presentar su recurso de revisión cuando se deposita en el correo la notificación del dictamen adverso, en una fecha posterior a la del archivo en autos. Íd.[3]

Ahora bien, aunque el término para acudir en alzada está sujeto a que la agencia administrativa disponga de la moción de reconsideración acogida, éste no es a perpetuidad. A estos efectos, la Sec. 3.15 de la LPAU, *supra*, decreta que la agencia administrativa **"perderá jurisdicción"** sobre la reconsideración si no toma alguna acción **"dentro de los noventa (90) días de ésta haber sido radicada"**. Íd. Del mismo modo, la Sec. 3.15 de la LPAU, *supra*, precisa y vincula la jurisdicción de la agencia administrativa a que la resolución sea **"emitida y archivada en autos"** en el término de noventa (90) días desde que ésta fue radicada. Íd.

---

[3]Hemos sostenido que "el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la Constitución de Puerto Rico". Véanse, Asoc. Condómines v. Meadows Dev., *supra*; Picorrelli López v. Depto. de Hacienda, 179 DPR 720, 736 (2010); Asoc. Vec. de Altamesa Este v. Mun. San Juan, 140 DPR 24, 34 (1996).

El marco doctrinal expuesto resulta trascendental, porque la ausencia de jurisdicción conlleva la nulidad del dictamen emitido, ya que se actúa sin autoridad o poder. La falta de autoridad no es susceptible de ser subsanada y las partes no pueden otorgarla a la agencia ni ésta puede arrogársela. Véase, Aguadilla Paint Center v. Esso, 183 DPR 901 (2011). Asimismo, el que la agencia pierda jurisdicción para atender la reconsideración instada, repercute en el término que tiene una parte para poder acudir en revisión. Ello pues, expirado el periodo que la agencia administrativa tiene para disponer de la reconsideración, comienza a decursar el plazo para acudir en alzada. Ortiz v. Adm. Sist. de Retiro Emp. Gob., *supra*, pág. 816.

La polémica se suscita cuando para determinar si la agencia perdió jurisdicción, en cuanto a la solicitud de reconsideración, se pretende equiparar la fecha de depósito en el correo con la de archivo en autos de la copia de la notificación de la resolución u orden. En consecuencia, el razonamiento del foro apelativo intermedio impondría a la agencia administrativa un requisito adicional no contemplado en el estatuto, es decir, que no tan sólo emita y archive en autos la Resolución, sino que también la deposite en el correo dentro del término de noventa (90) días contemplado en la Sec. 3.15 de la LPAU, *supra*. Ello sería contrario también

a la inalterada línea jurisprudencial aquí analizada y observada por el legislador.

Como expusimos, la Ley Núm. 132-2013 propició garantizar que las partes tuvieran la oportunidad de advenir en conocimiento real de la decisión tomada a los fines de poder ejercer los remedios disponibles en ley para acudir en revisión judicial. En ningún momento, el propósito de esa enmienda fue requerir a las agencias administrativas notificar o depositar en el correo su dictamen dentro del periodo jurisdiccional de noventa (90) días que le impone la Sec. 3.15 de la LPAU, *supra*. Mucho menos, enmendó el término jurisdiccional para disponer de la moción de reconsideración. Por el contrario, el lenguaje contenido en la referida sección se mantuvo incólume al disponer que la resolución de la agencia resolviendo definitivamente la moción de reconsideración "deberá ser **emitida y archivada en autos** dentro de los noventa (90) días siguientes a la radicación" de ésta. Íd. Véase, Informe de la Comisión de lo Jurídico de la Cámara de Representantes en torno a P. de la C. 924 de 17 de junio de 2013, 1ra Sesión Ordinaria, 17ma Asamblea Legislativa.

De conformidad con lo interpretado, si una parte adversamente afectada por una resolución de una agencia solicita reconsideración y la agencia la acoge para su consideración, ésta perderá jurisdicción si no **emite y archiva en autos** la resolución atendiendo la moción de

reconsideración acogida dentro del término de noventa (90) días desde que fue radicada, a menos que dentro de ese plazo haya extendido el término por justa causa. La fecha del depósito en el correo no incide sobre la jurisdicción de la agencia para resolver la reconsideración acogida. Empero, ésta es relevante al momento de calcular hasta cuándo se puede acudir en alzada, si excepcionalmente ese depósito es en una fecha distinta a la del archivo en autos.

                                    III

Para determinar si el Tribunal de Apelaciones perdió jurisdicción para atender el recurso de Fonte e Infanzón, debemos determinar si éstas cumplieron con los términos que impone la LPAU para recurrir de una reconsideración mediante revisión judicial.

En lo pertinente, el 19 de abril de 2013, DACO archivó en autos la notificación de la Resolución disponiendo de los derechos de Fonte e Infanzón. Inconformes, éstas presentaron una oportuna reconsideración el **2 de mayo de 2013**. Dentro del término para ello, el 9 de mayo de 2013, DACO concedió a F & R y Mora un término para expresarse con relación a la reconsideración instada. Por tanto, DACO tenía jurisdicción para atender la reconsideración por un periodo de noventa (90) días a partir del 2 de mayo de 2013. En ese intervalo debía emitir y archivar en autos la disposición en reconsideración. El último día del término

de noventa (90) días dispuesto en la Sec. 3.15 de la LPAU, *supra*, **vencía el 31 de julio de 2013**. En esa fecha, y sin perder jurisdicción para ello, DACO **emitió y archivó en autos** la *Resolución en Reconsideración* disponiendo definitivamente de la reconsideración presentada por Fonte e Infanzón.

A pesar de ello, el depósito en el correo de la notificación se hizo el 1 de agosto de 2013. Tal proceder no incidió sobre la jurisdicción de la agencia para disponer de la moción de reconsideración. El depósito en el correo es relevante a los efectos de establecer si Fonte e Infanzón acudieron oportunamente ante el Tribunal de Apelaciones. La Sec. 4.2 de la LPAU, *supra*, requiere que éstas acudan en un término de treinta (30) días desde el archivo en autos de copia de la notificación o desde el depósito en el correo si ésta es distinta a la fecha de notificación. Así las cosas, los treinta (30) días para acudir en revisión administrativa expiraban el martes, 3 de septiembre de 2013.[4] Por tanto, Fonte e Infanzón acudieron oportunamente al Tribunal de Apelaciones. En consecuencia, el Tribunal de Apelaciones erró al concluir que el recurso de Fonte e Infanzón fue presentado tardíamente.

---

[4]El término venció el sábado, 31 de agosto de 2013. El próximo día laborable fue el martes, 3 de septiembre de 2013. El lunes, 2 de septiembre de 2013, fue un día feriado legal por conmemorarse el Día del Trabajo.

IV

En virtud de lo anterior, se revoca al Tribunal de Apelaciones y se remite el caso a ese foro para que atienda el recurso instado por Fonte e Infanzón.


LUIS F. ESTRELLA MARTÍNEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| María del Rocío Fonte Elizondo y Stella Infanzón Padilla<br><br>Peticionarias<br><br>v.<br><br>F & R Construction, S.E., Mora Development, Corp.<br><br>Recurridos | CC-2014-528 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 1 de septiembre de 2016.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca al Tribunal de Apelaciones y se remite el caso a ese foro para que atienda el recurso instado por Fonte e Infanzón.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre con el resultado con opinión escrita, a la cual se unió el Juez Asociado señor Feliberti Cintrón. La Juez Asociada señora Rodríguez Rodríguez concurre con el resultado sin opinión escrita.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

María del Rocío Fonte
Elizondo y Stella Infanzón
Padilla

     Peticionarias

     v.                     CC-2014-0528

F & R Construction, S.E.,
Mora Development, Corp.

     Recurridos

Opinión Concurrente emitida por el Juez Asociado señor MARTÍNEZ TORRES a la cual se unió el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 1 de septiembre de 2016.

La controversia ante este Tribunal se limita estrictamente a si una agencia administrativa pierde jurisdicción si no **notifica** a las partes su determinación dentro del término de noventa días luego de haber acogido una moción de reconsideración. En cuanto a este asunto, estoy de acuerdo con el resultado al que llega la Opinión del Tribunal debido a que conforme a la Ley de Procedimiento Administrativo Uniforme (LPAU), infra, la notificación fuera de ese término no priva de jurisdicción a la agencia. No obstante, en vista de que una mayoría de este Foro opta por

hacer pronunciamientos que se extralimitan a esa controversia, concurro.

I

Aunque los hechos de este caso están muy bien expuestos en la Opinión mayoritaria, conviene repasar los más relevantes a la controversia planteada.

El 18 de abril de 2013, el Departamento de Asuntos del Consumidor (DACO) emitió una resolución en la que declaró con lugar una querella sobre daños y perjuicios por vicios de construcción. Consecuentemente, ordenó a F & R Construction, S.E. y a Mora Development, Corp. (F & R y Mora) pagar ciertas sumas a María del Rocío Fonte Elizondo y Stella Infanzón Padilla (las señoras Fonte e Infanzón), por concepto de daños y honorarios de abogado. Esa resolución se archivó en autos el 19 de abril de 2013. Insatisfechas con el monto de las partidas concedidas, el 2 de mayo de 2013, las señoras Fonte e Infanzón le solicitaron al DACO que reconsiderara su decisión. El 9 de mayo de 2013, la agencia administrativa acogió la moción de reconsideración y le concedió a F & R y Mora un término de veinte días para exponer su posición, gestión que llevó a cabo oportunamente.

El 31 de julio de 2013, el DACO emitió y archivo en autos una resolución en la que, en reconsideración, aumentó el monto concedido por concepto de indemnización por los daños y perjuicios pero dejó inalterada la cantidad por honorarios de abogado. Esa resolución se

depositó en el correo al día siguiente, es decir, el 1 de agosto de 2013. En desacuerdo con ese dictamen, tanto F & R y Mora como las señoras Fonte e Infanzón, presentaron sus respectivos recursos de revisión ante el Tribunal de Apelaciones. F & R y Mora presentaron su recurso el 30 de agosto de 2013, mientras que las señoras Fonte e Infanzón hicieron lo correspondiente el 3 de septiembre de 2013.

Por un lado, el foro apelativo intermedio desestimó el recurso de F & R y Mora, debido a que no cumplieron con el requisito de notificar al abogado de las señoras Fonte e Infanzón. Por otro lado, el Tribunal de Apelaciones también desestimó el recurso de las señoras Fonte e Infanzón pues se presentó tardíamente. En particular, el foro apelativo intermedio consideró que, a pesar de que el DACO resolvió la moción de reconsideración que presentaron las señoras Fonte e Infanzón dentro del término de noventa días dispuesto en la LPAU para ello, como la notificación a las partes se hizo fuera de ese término, la agencia perdió jurisdicción sobre el caso. Por ende, el Tribunal de Apelaciones razonó que el término para presentar el recurso de revisión comenzó a transcurrir al finalizar el periodo de noventa días, es decir, el 31 de julio de 2013. Las señoras Fonte e Infanzón presentaron una moción de reconsideración, la cual fue declarada no ha lugar. Oportunamente, estas recurrieron ante nos mediante un recurso de certiorari, el cual expedimos.

II

La LPAU, Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 LPRA sec. 2101 et seq., regula los procedimientos adjudicativos que se llevan a cabo por las agencias administrativas. Entre los aspectos de esos procedimientos que la LPAU regula se encuentran los términos y las condiciones bajo los cuales se deben tramitar las mociones de reconsideración ante las agencias administrativas y los recursos de revisión ante el Tribunal de Apelaciones.

En lo concerniente a este caso, la Sec. 3.15 de la LPAU, 3 LPRA sec. 2165, establece las normas relacionadas a las mociones de reconsideración. Específicamente, dispone que "[l]a parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden". Íd. A su vez, "[l]a agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso". Íd. En cambio, "[s]i se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde

la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración". Íd.

Con tal de procurar que los procedimientos en esta etapa ante las agencias administrativas se tramiten con la mayor agilidad posible, la LPAU instruye que la "resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración". Íd. Para fomentar que las agencias administrativas resuelvan oportunamente las mociones de reconsideración, el estatuto establece que

> Si la agencia acoge la moción de reconsideración **pero deja de tomar <u>alguna</u> acción** con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, **perderá jurisdicción** sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales. (Énfasis suplido) Íd.

Finalmente, luego de una enmienda reciente, la Sec. 3.15 de la LPAU señala que "[s]i la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo". Íd.

Por otro lado, la Sec. 4.2 de la LPAU, 3 LPRA sec. 2172, regula lo relacionado a los recursos de revisión ante el Tribunal de Apelaciones. Esta dispone que "[u]na

parte adversamente afectada por una orden o resolución final de una agencia […] podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia". Igualmente, ese término de treinta días se puede computar a partir de la fecha aplicable cuando se presenta una moción de reconsideración. Íd. Además, esta sección establece que "si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo". Íd.

Según estas secciones de la ley, los recursos de revisión tienen que perfeccionarse dentro del término jurisdiccional de treinta días a partir del archivo en autos de copia de la notificación de la orden o resolución final de la agencia administrativa. Como norma general, ese archivo en autos ocurre el mismo día que se deposita en el correo la notificación a las partes de tal acontecimiento. No obstante, en caso de que no sea de esa forma, la LPAU dispone para que el término comience a decursar en la fecha en que se depositó en el correo esa notificación. Esto, naturalmente, parte del supuesto de que la agencia administrativa dispuso expresamente de la

moción de reconsideración dentro del término provisto por la LPAU.

Ahora bien, en caso de que ello no sea así, el estatuto establece que "si la agencia acoge la moción de reconsideración **pero deja de tomar alguna acción** con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, **perderá jurisdicción** sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término". Sec. 3.15 de la LPAU, supra.

### III

En este caso la agencia administrativa emitió y archivó en autos copia de su resolución en la que dispuso de la moción de reconsideración dentro del término de noventa días. Sin embargo, no depositó en el correo la notificación de tal archivo dentro de ese período. Por lo tanto, nuestros pronunciamientos en estos momentos se deben limitar a si **bajo los hechos particulares que tenemos ante nos**, la agencia administrativa perdió jurisdicción y qué implicaciones, si algunas, tuvo esto sobre los términos para acudir en revisión al Tribunal de Apelaciones. Cualquier pronunciamiento aplicable a hechos distintos resulta superfluo.

De esta forma, únicamente debemos resolver si la frase "alguna acción" implica que la agencia administrativa viene obligada a depositar en el correo la notificación a las partes dentro del término de noventa días con tal de

no perder jurisdicción. En cuanto a este asunto, coincido con la Opinión del Tribunal respecto a que el no depositar en el correo la notificación dentro del término de noventa días no priva de jurisdicción a la agencia administrativa.

Ahora bien, entiendo respetuosamente que la Opinión mayoritaria se embarca en una discusión adicional e innecesaria, pues pretende resolver un asunto que no está ante nuestra consideración en estos momentos. La mayoría intenta resolver qué efecto tiene sobre la jurisdicción de las agencias administrativas el que no se archive en autos copia de la resolución dentro del término de noventa días. Sin embargo, eso no fue lo que ocurrió en este caso, por lo que cualquier expresión sobre ese asunto constituye obiter dicta. Peor aún, además de ser expresiones sobre un escenario hipotético, opino que la interpretación que hace la Opinión del Tribunal es incorrecta y no encuentra apoyo en el texto de la LPAU. En cambio, considero que la LPAU solo vincula la jurisdicción de la agencia a que esta tome "alguna acción", esto es, a que emita su determinación dentro del término de noventa días y no a que la "resolución sea emitida **y** archivada en autos", como sugiere una mayoría de este Tribunal. (Énfasis suplido) Cf. Opinión del Tribunal, pág. 10.

El término "alguna acción" implica que la agencia no tiene que tomar todas las acciones que le corresponden para no perder su jurisdicción. Es decir, la entidad bien puede emitir su determinación y no archivarla en autos ni

notificarla, y esto no significa que perdió jurisdicción. El deber de la agencia administrativa de llevar a cabo estas gestiones dentro de un término específico no significa que si deja de hacerlas todas dentro de ese período, pierde su jurisdicción. El legislador estableció consecuencias limitadas para ese incumplimiento. Si este hubiera querido que la agencia perdiera jurisdicción si no tomaba todas las acciones ministeriales, es decir, si no emitía su decisión, la archivaba en autos y la notificaba dentro del término de noventa días, en vez de incluir la frase "deja de tomar alguna acción" hubiese dispuesto expresamente que ello ocurriría si la agencia "deja de emitir, archivar en autos su resolución y notificar". En otras palabras, "alguna acción" no es lo mismo que "todas las acciones a tomar".

Me parece lógico que el legislador no hiciera lo que la mayoría dice. Lo importante es que la agencia decida en noventa días. El archivo en autos de copia de la notificación y el depósito en el correo de esa notificación son actos ministeriales de un funcionario de oficina. El legislador no pudo haber querido que la validez de un dictamen de una agencia que se emitió a tiempo dependiera de la eficiencia de la gestión de un empleado en la secretaría. El texto de la LPAU y su historial legislativo no nos llevan a concluir eso. Además, la interpretación que hoy avala una mayoría de este Tribunal tiene la nefasta consecuencia de que un

empleado pueda invalidar una decisión de una agencia administrativa, que bajo otro escenario sería válida, con meramente retrasar una tarea administrativa como lo es archivar en autos copia de una notificación. No tengo que abundar para darnos cuenta de lo peligroso de esa norma. Esa no fue la voluntad del legislador al aprobar la LPAU.

Por lo tanto, entiendo que una agencia administrativa solo pierde jurisdicción cuando acoge una moción de reconsideración y no emite una resolución dentro de los noventa días tras la presentación de una solicitud de reconsideración. Esto es así, naturalmente, salvo que se haya extendido tal plazo por justa causa como lo contempla la LPAU. En cambio, el archivo en autos y el depósito en el correo fuera del término de noventa días no inciden sobre la jurisdicción de la agencia administrativa. Solo afectan el cómputo del plazo para presentar un recurso de revisión judicial.

IV

En este caso, el Tribunal de Apelaciones razonó que el recurso de revisión judicial que las señoras Fonte e Infanzón presentaron fue tardío. Para el foro apelativo intermedio, el término de treinta días para perfeccionar el recurso se debía computar a partir del día noventa aunque el DACO todavía no hubiera depositado en el correo copia de su dictamen. Según el Tribunal de Apelaciones, en esa fecha la agencia se quedó sin jurisdicción para atender la moción de reconsideración porque, a pesar de

que emitió y archivó en autos la resolución en la que dispuso de esa moción dentro del término de noventa días, depositó en el correo la notificación a las partes el día noventa y uno.

Respecto a este punto, coincido con la Opinión mayoritaria en cuanto a que erró el Tribunal de Apelaciones en su razonamiento. El DACO no perdió jurisdicción por depositar en el correo su notificación fuera del término de noventa días. Por el contrario, la agencia administrativa preservó su autoridad para disponer de la moción de reconsideración y su dictamen a esos fines era válido. De esta forma, entiendo que el recurso de revisión de las señoras Fonte e Infanzón se interpuso oportunamente. Consecuentemente, estoy de acuerdo con revocar el dictamen del Tribunal de Apelaciones y devolver el caso a ese foro para que atienda el recurso instado por las señoras Fonte e Infanzón.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado