## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL IX

| MANUEL DÁVILA ORTIZ<br><br>Recurrido<br><br>v.<br><br>CONSEJO DE TITULARES DEL CONDOMINIO COSTA ESMERALDA<br><br>Recurrente | KLRA202400200 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Asuntos Del Consumidor<br><br>Caso Núm.: C-CAG-2024-0005743<br><br>Sobre: Ley de Condominios |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2024.

El 16 de abril de 2024, el Consejo de Titulares del Condominio Costa Dorada ("recurrente" o "Consejo de Titulares") presentó un recurso de Revisión Administrativa en la que nos solicita la revisión y revocación de la Orden emitida el 1ro de marzo de 2023 y notificada el 4 de marzo de 2024 por el Departamento de Asuntos del Consumidor (DACo). Mediante referida Orden el DACo, en síntesis, le ordenó al aquí recurrente a reestablecer el servicio de agua en el apartamento P-202 propiedad del recurrido señor Manuel Dávila Ortiz y de abstenerse de intervenir en los servicios esenciales de referido inmueble durante el trámite de la querella.

Por los fundamentos que exponemos a continuación, desestimamos el recurso por falta de jurisdicción.

## I.

El 1ro de febrero de 2024 el señor Manuel Dávila Ortiz presentó ante el DACo una querella contra el Consejo de Titulares

Número Identificador

SEN2024_____

del Condominio Costa Esmeralda.  Alegó que en febrero de 2023 la Administración del Condominio cortó el servicio de agua para su apartamento, sin notificarle.  Solicitó la reconexión del servicio y cualquier otro remedio en derecho.

El 23 de febrero de 2024 el Consejo de Titulares presentó una Moción asumiendo representación legal y el 28 de febrero una Moción de Desestimación de la querella[1].

El 1ro de marzo de 2024, notificada el día 4 siguiente, el DACo emitió la siguiente orden:

> Tomando en cuenta las alegaciones de la parte querellante, y el derecho aplicable, este Departamento ordena a la parte querellada, Consejo de Titulares del Condominio Costa Esmeralda, por conducto de la Junta de Directora, empleados clericales, contables y/o administradores, restablecer, inmediatamente, el servicio de agua potable al apartamento P-202 propiedad del querellante, Manuel Dávila Ortiz, en el Condominio Costa Esmeralda.
>
> Además, ordena a la parte querellada, Consejo de Titulares del Condominio Costa Esmeralda, por conducto de la Junta de Directora, empleados clericales, contables y/o administradores, se abstengan y desistan de suspender los servicios básicos, incluyendo los servicios de agua y energía eléctrica, y cualquier otro servicio, al apartamento P-202 propiedad del querellante, Manuel Dávila Ortiz, en el Condominio Costa Esmeralda, **durante el trámite de la querella de epígrafe**.
>
> Se le apercibe a la parte querellada, Consejo de Titulares del Condominio Costa Esmeralda, que de no cumplir con lo ordenado este Departamento podrá imponerles una multa administrativa de hasta 10,000.00, y se tomará la acción legal correspondiente para el cobro de esta. Cada día en que incurran en la misma violación, será considerado como una violación separada y se tomará la acción legal correspondiente para el cobro de estas. El pago de la multa no les relevará de cumplir con todo lo ordenado en la presente Orden. (Énfasis nuestro).

El 4 de marzo de 2024 el Consejo de Titulares solicitó *Reconsideración* y el 7 de marzo de 2024 el señor Dávila Ortiz presentó *Moción en oposición.*[2]  Al no recibir respuesta de DACo sobre la solicitud de Reconsideración, el 16 de abril de 2024 el

---

[1] Apéndice págs. 34-37.
[2] Las partes presentaron otros escritos, innecesarios pormenorizar.

Consejo de Titulares presentó ante este foro intermedio un recurso de Revisión Administrativa.

Recibido el recurso, el 19 de abril le concedimos treinta (30) días al recurrido para que presentara su posición. No obstante, antes de vencido el término, el 29 de abril de 2024 el Consejo de Titulares presentó una Moción en Auxilio de Jurisdicción. En esta nos informó que, luego de presentado este recurso, el DACo señaló una vista administrativa para el 6 de junio de 2024 a las 9:00 am en la Oficina Regional de Caguas, para dilucidar la querella de epígrafe. En la moción nos solicitó que paralicemos todo trámite de la querella ante el DACo, para salvaguardar y proteger nuestra jurisdicción.

Evaluado el expediente, atendemos como asunto de prioridad nuestra jurisdicción para entender en el recurso. Por ello, prescindimos de solicitar la comparecencia del recurrido, a tenor con la Regla 7 (5) del Reglamento del Tribunal de Apelaciones 4 LPRA Ap. XXII-B.

**II.**

**A.**

Sabido es que la jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí. Miranda Corrada v. DDEC et al., 211 DPR 738 (2023), 2023 TSPR 40; Cobra Acquisitions v. Mun. Yabucoa et al., 210 DPR 384 (2022); Metro Senior v. AFV, 209 DPR 203 (2022); Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020).

Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse con prioridad. Torres Alvarado v. Madera Atiles, 202 DPR 495 (2019); Ruiz Camilo v. Trafon Group, Inc., 200 DPR 254 (2018).

Al cuestionarse la jurisdicción de un tribunal por alguna de las partes o, incluso, cuando no haya sido planteado por éstas, dicho foro examinará y evaluará con rigurosidad el asunto jurisdiccional como parte de su deber ministerial, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*; Yumac Home v. Empresas Massó, 194 DPR 96, 103 (2015). De ese modo, si el tribunal no tiene jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Torres Alvarado v. Madera Atiles, *supra*; Ruiz Camilo v. Trafon Group, Inc., *supra*.

**B.**

Nuestra función como foro apelativo está limitada por la Ley 201-2003 conocida como Ley de la Judicatura del Estado Libre Asociado de Puerto Rico que dispone en el Art. 4.006 (c) que el Tribunal de Apelaciones tendrá competencia, "[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de **organismos o agencias administrativas**." (Énfasis nuestro).  24 LPRA sec. 24y.

Asimismo, el Artículo 4.002 de la Ley Núm. 201-2003, *supra*, dispone que el Tribunal de Apelaciones revisará, como cuestión de derecho, **las decisiones finales** de los organismos y agencias administrativas que hayan sido tramitadas conforme con las disposiciones de la Ley de Procedimiento Administrativo Uniforme (LPAU)". (Énfasis provisto). 4 LPRA sec. 24 (u). Así pues, la revisión judicial es el remedio exclusivo para evaluar una determinación administrativa.

Cónsono a ello, la Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

Esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones, reglamentos, **órdenes, resoluciones y providencias finales** dictadas por organismos o agencias administrativas o por sus funcionarios(as), ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley. (énfasis nuestro)

A su vez, la Regla 57 del Reglamento del Tribunal de Apelaciones, establece que el escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de **treinta (30)** días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución **final** del organismo o agencia. […].4 LPRA, XXII-B, R. 57.

De otro lado, la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA secs. 9601 *et. seq.* [en adelante, "LPAU"], rige los procedimientos reglamentarios y adjudicativos realizados por las agencias administrativas. <u>Pérez López v. Depto. Corrección</u>, 208 DPR 656 (2022). En particular, la sección 4.2 de LPAU dispone como sigue:

Una parte adversamente afectada por una orden o **resolución final** de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

Una **orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, no serán revisables directamente**. **La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia**. La revisión judicial aquí dispuesta será el recurso exclusivo para revisar los méritos de una decisión administrativa sea ésta de naturaleza

adjudicativa o de naturaleza informal emitida al amparo de esta Ley. (Énfasis nuestro).
3 LPRA sec. 9672

La Sección 3.14 de LPAU señala que las Órdenes o Resoluciones finales son las siguientes:

Una orden o resolución final deberá ser emitida por escrito dentro de noventa (90) días después de **concluida la vista** o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada.

La orden o resolución deberá incluir y exponer **separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, disponibilidad del recurso de reconsideración o revisión según sea el caso**. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley. La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos. (Énfasis dado).
3 LPRA sec. 9654.

Se ha indicado, que una orden o resolución final tiene las características de una sentencia en un procedimiento judicial porque resuelve finalmente la cuestión litigiosa y de la misma puede apelarse o solicitarse revisión. Comisionado Seguros v. Universal, 167 DPR 21 (2006). Además, a tenor con la Sección 3.14 de LPAU, para que referida decisión tenga carácter de finalidad debe incluir determinaciones de hecho, conclusiones de derecho y una advertencia sobre el derecho a solicitar reconsideración o revisión judicial Crespo Claudio v. O.E.G., 173 DPR 804, 813 (2008).

Conforme ya ha pautado el Tribunal Supremo, una determinación final se caracteriza por lo siguiente: (1) la actuación de la agencia representa la culminación de su proceso decisorio, y (2) la actuación administrativa determina todos los

derechos y las obligaciones de las partes o surgen de ésta consecuencias legales. Pérez López v. Depto. Corrección, *supra;* Depto. Educ. v. Sindicato Puertorriqueño, 168 DPR 527 (2006). La decisión administrativa es final cuando ha decidido todas las controversias y no deja pendiente ninguna para ser decidida en el futuro. Pérez López v. Depto. Corrección, *supra.*

Se ha interpretado a su vez que la "orden o resolución final", dispone del caso ante la agencia y tiene efectos adjudicativos y dispositivos sobre las partes. Pérez López v. Depto. Corrección, *supra.* De manera que, de ordinario esta revisión judicial procede una vez se adjudican todas las controversias pendientes ante la agencia y concluyen los trámites administrativos. Miranda Corrada v. DDEC et al., *supra*; Fonte Elizondo v. F&R Const., 196 DPR 353, 358 (2016).

Así pues, para que una orden o resolución administrativa sea judicialmente revisable, al momento de presentar el recurso deben estar presentes los elementos siguientes: (1) que la resolución que se pretenda revisar sea final y no interlocutoria; y (2) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia. Pérez López v. Depto. Corrección, *supra;* Depto. Educ. v. Sindicato Puertorriqueño, *supra*, pág. 543. Sólo de esta forma los tribunales evitan una intromisión indebida y a destiempo en el trámite administrativo. Pérez López v. Depto. Corrección, *supra;* Comisionado de Seguros v. Universal, *supra*, pág. 29.

**III.**

El Consejo de Titulares del Condominio Costa Esmeralda nos solicita la revisión y revocación de la orden emitida por el DACo el 1 de marzo de 2024. Mediante referida orden el DACo le requirió al Consejo de Titulares reestablecer el servicio de agua potable al apartamento P-202 propiedad del querellante Manuel Dávila Ortíz,

en el Condominio Costa Esmeralda.  Además, ordenó al querellado a abstenerse y desistir de suspender los servicios básicos, incluyendo los del agua, energía eléctrica y cualquier otro servicio de referido apartamento, durante el trámite de la querella.

Advertimos que la Orden de 1ro de marzo, se trata de una determinación interlocutoria y provisional que fue emitida dentro del proceso administrativo mientras se dilucida la querella.   Tan es así que, según nos informa el Consejo de Titulares en la Moción en Auxilio de Jurisdicción, el DACo pautó la vista administrativa para el próximo 6 de junio de 2024.  Además, la orden no contiene determinaciones de hechos, conclusiones de derecho, advertencias para reconsideración y para la revisión judicial como exige la Sección 3.14 de LPAU, para ser considerada una decisión final. Así que, la Orden cuya revisión se nos solicita, se trata de una decisión interlocutoria de la agencia, sobre la cual no podemos intervenir.  Solo poseemos jurisdicción para revisar decisiones finales de las agencias y la decisión que se trae en este caso no es final.  Al carecer el recurso de un dictamen final revisable, estamos impedidos de ejercer nuestra jurisdicción y así lo decretamos.   Por lo que aquí determinamos, resulta inconsecuente la Moción en Auxilio de Jurisdicción.

**IV.**

Por los fundamentos que anteceden, desestimamos el recurso de Revisión Administrativa, a tenor con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B.

Lo acordó y manda el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones