ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| HILL TOP DEVELOPMENT CORP.<br>Parte Recurrente<br><br>v.<br><br>OFICINA DE GERENCIA DE PERMISOS<br>Parte Recurrida | KLRA202500109 | Revisión Administrativa procedente del Departamento de Desarrollo Económico y Comercio, Oficina de Gerencia de Permisos<br><br>Caso Núm. 2021-408432-CCO-014194<br><br>Sobre: Vivienda Unifamilar |

Panel integrado por su presidenta, la Jueza Martínez Cordero, el Juez Cruz Hidalgo y la Juez Lotti Rodríguez.[1]

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de mayo de 2025.

La parte recurrente, Hill Top Development Corp., por conducto del Ing. Enrique Blanes Palmer, radicó ante la consideración de la Oficina de Gerencia de Permisos (OGPe) una solicitud de consulta de construcción que quedó registrada bajo el número 2021-408432-CCO-014194 (Solicitud de Construcción). Así las cosas, conforme a la Regla 2.1.10 del Reglamento Núm. 9473,[2] la Junta Adjudicativa de la OGPe determinó celebrar una vista pública para dilucidar todos los aspectos relacionados a la Solicitud de Construcción. La vista pública fue celebrada el 29 de julio de 2004 y el 22 de agosto de 2024, mediante el sistema de video conferencia. El 20 de septiembre de 2024, la

---

[1] Conforme la OATA2025-0069 la Hon. Glorianne Lotti Rodríguez, sustituye al Hon. Abelardo Bermúdez Torres.
[2] Reglamento Conjunto para la evaluación y expedición de permisos relacionados al desarrollo, uso de terrenos y operación de negocios, Reglamento Núm. 9473 del 16 de junio de 2023.

NÚMERO IDENTIFICADOR

SEN2025_____

Oficial Examinadora, Viviana Pereira Santiago, presentó el *Informe de Vista* ante la Junta Adjudicativa de la OGPe. En dicho informe, la Oficial Examinadora recomendaba que no se aprobara la consulta de construcción presentada con el propósito de que se le eximiera al peticionario del cumplimiento con la Zona de Separación del Reglamento Conjunto.

Así las cosas, el 28 de enero de 2025, la Junta Adjudicativa de la OGPe emitió y notificó una *Resolución* en la que determinó acoger el Informe del Oficial Examinador en todas sus partes, hacerlo parte del dictamen e indicó que, en adición a los señalamientos expresado en el informe del Oficial Examinador, el proyecto propuesto no cumplía con las disposiciones del Reglamento Núm. 13, Reglamento sobre Áreas Especiales de Peligro a Inundación. En su consecuencia, denegó la aprobación de la Consulta de Construcción Número 2021-408432-CCO-014194.

Inconforme con dicha determinación, el 20 de febrero de 2025, la parte recurrente compareció ante nos mediante un recurso de *Revisión Judicial* en el que señaló la comisión de los siguientes errores:

> **Erró la OGPe al denegar la consulta de construcción mediante una determinación final que carece por completo de conclusiones de derecho.**
>
> **Erró la OGPe al denegar la exención a la separación de la ZMT a pesar de que la misma cumple cabalmente con las disposiciones aplicables del Reglamento Conjunto 2023.**
>
> **Erró la OGPe al concluir que la acción propuesta no cumple con el Reglamento N[ú]m. 13.**
>
> **Erró la OGPe al denegar la consulta de construcción porque alegadamente el proyecto crea sombras sobre la ZMT.**

El 14 de marzo de 2025, la OGPe presentó ante nos una *Moción Informativa y Solicitud de Devolución del Caso* en la cual esbozó que luego de haber examinado el recurso de *Revisión Judicial* y el expediente administrativo, solicitó la devolución del caso para su reevaluación y expedir una determinación final. Por su parte, la interventora Asociación Vecinos Pro

Seguridad Punta Las Marías, Inc., presentó su Alegato en Oposición el 14 de marzo de 2025. Con el beneficio de la comparecencia de las partes, el derecho y jurisprudencia aplicables, resolvemos.

II

Como se sabe, la jurisdicción es la autoridad con la que cuenta el tribunal para considerar y decidir los casos y controversias que tiene ante sí.[3] Es norma reiterada en nuestro ordenamiento jurídico que, las decisiones, órdenes y resoluciones finales de los organismos administrativos están sujetas a la revisión judicial del Tribunal de Apelaciones.[4]

A esos efectos, "Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones...". Sec. 4.2 de la Ley Núm. 38-2017, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9672. De ordinario esta revisión judicial procede una vez se adjudican todas las controversias pendientes ante la agencia y concluyen los trámites administrativos.[5]

En materia de revisión judicial sobre órdenes o resoluciones administrativas, es claro el estándar de revisión y la deferencia que habremos de concederle a las agencias. Ello así, debido a que las Agencias e Instrumentalidades Administrativas poseen una vasta experiencia y el conocimiento especializado en los asuntos que atienden.[6] En su

---

[3] Art. 4.006(c) de la Ley de la Judicatura de Puerto Rico, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y(c); Regla 56 del Reglamento del Tribunal de Apelaciones, según enmendado, 4 LPRA Ap. XXII-B. Véase, además *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, (2022); *Metro Senior v. AFV*, 209 DPR 203 (2022); *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020).

[4] Véase, además, *Hernández Feliciano v. Municipio de Quebradillas,* 211 DPR 99 (2023).

[5] *Fonte Elizondo v. F&R Const.,* 196 DPR 353, 358 (2016); *DACo. v. Fcia. San Martín,* 175 DPR 198, 212-213, (2009)).

[6] *Pacheco* v. *Estancias de Yauco,* 160 DPR 409, 432 (2003); *Rivera Concepción* v. *ARPE,* 152 DPR 116, 122 (2000).

consecuencia, es limitada nuestra intervención como revisores judiciales de una decisión administrativa. Sólo procedemos a determinar si la actuación administrativa fue una razonable y cónsona con el propósito legislativo o si por el contrario fue irrazonable, ilegal o medió abuso de discreción.[7] Ante una petición para revisar una determinación administrativa, nos corresponde analizar si conforme al expediente administrativo: 1) el remedio concedido fue razonable; 2) las determinaciones de hechos están razonablemente sostenidas por la prueba y; 3) las conclusiones de derecho del organismo administrativo son correctas.[8]       Según la sección 4.5 de la Ley de Procedimiento Administrativo Uniforme ("LPAU"),[9] "[l]as determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo. Las conclusiones de derecho serán revisables en todos sus aspectos por el Tribunal." Para el Profesor Demetrio Fernández Quiñones, las tres áreas dentro del alcance de la revisión judicial de estas actuaciones administrativas son: (1) concesión del remedio apropiado, (2) revisión de las determinaciones de hecho conforme al criterio de la evidencia sustancial y (3) revisión completa y absoluta de las conclusiones de derecho.[10] Para cumplir cabalmente con nuestra obligación y deber de revisión judicial, las agencias deben de emitir órdenes o resoluciones con expresiones claras sobre los hechos presentados ante sí. Sus determinaciones deben incluir los hechos probados de tal manera "que pongan en conocimiento a las partes y al tribunal de los fundamentos que propician tal decisión".[11] Es decir "viene obligada a emitir su determinación fundamentada... [con] conclusiones ... lo suficientemente

---

[7] *Mun. de San Juan* v. *JCA,* 149 DPR 263, 280 (1999); *T. Jac, Inc.* v. *Caguas Centrum Limited,* 148 DPR 70, 80 (1999).

[8] *PRTC.* v. *Junta Reglamentadora de Telecomunicaciones*, 151 DPR 269, 281 (2000); *Mun. de San Juan,* 149 DPR en las págs. 279-280.

[9] 3 LPRA § 2175.

[10] D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, 2da ed., Bogotá, Forum, 2001, pág. 534, § 9.3; *Batista, Nobbe* v. *JTA. Directores,* 185 DPR. 206, 217 (2012).

[11] *Mun. de San Juan,* 149 DPR en la pág. 282.

definidas como para poner a los tribunales en posición de determinar si los hechos, tal y como los encontró probados [por la agencia], ofrecen una base razonable para tal resolución".[12] "[B]ajo ningún concepto nuestra función revisora tiene el alcance de obligarnos a escudriñar en el expediente administrativo para dar con las bases decisorias que utilizó la agencia".[13]

Por lo tanto, "es vital que las agencias expresen claramente sus determinaciones de hechos y las razones para su dictamen, incluyendo los hechos básicos de los cuales, a través de un proceso de razonamiento e inferencia, se derivan aquéllos. La expresión de los fundamentos de una decisión no puede ser pro forma, y debe reflejar que la agencia ha cumplido con su obligación de evaluar y resolver los conflictos de prueba del caso ante su consideración".[14] En resumen, "no bastan un expediente de la prueba y una simple decisión".[15] La agencia es quien tiene el ineludible deber de colocar al tribunal "en posición de poder evaluar su determinación".[16]

III

Surge del expediente que el 28 de enero de 2025, la Junta Adjudicativa de la OGPe emitió y notificó una *Resolución* en la que determinó acoger el *Informe de Vista* de la Oficial Examinadora en todas sus partes, hacerlo parte del dictamen y *denegar* la aprobación de la Solicitud de Construcción. Allí la Junta Adjudicativa emitió lo que denominó determinaciones de hecho y conclusiones de derecho. Sin embargo, de un examen de la Resolución emitida por la agencia y del Informe de la Vista del Oficial Examinador, se puede colegir que la determinación de la agencia carece de conclusiones de derecho que sustente sus determinaciones de hechos.

Como expresamos anteriormente, la Resolución recurrida no contiene determinaciones de hechos ni conclusiones de Derechos. En esta, se acogió

---

[12] *Id*, en la pág. 286.
[13] *Colón Cortés* v. *Pesquera*, 150 DPR 724, 760 (2000).
[14] *Torres* v. *Junta de Ingenieros*, 161 DPR 696, 708 (2004)
[15] *Mun. de San Juan*, 149 DPR en la pág. 283.
[16] *Id.*

las determinaciones de hechos y conclusiones de derecho que surgen del Informe de la Oficial Examinadora. Ahora bien, en el Informe de la Oficial Examinadora, en lo relativo a las conclusiones de derecho, no se expone un análisis jurídico que demuestre como la Junta Adjudicativa aplicó las disposiciones legales o reglamentarias al caso particular. En el *Informe de la Vista*, únicamente se hacen referencias generales a distintas disposiciones del Reglamento Núm. 9473, sin explicar su pertinencia en relación con los hechos del caso ni identificar los elementos que se consideraron para arribar a la conclusión.

De acuerdo con la normativa vigente, las resoluciones de los organismos administrativos deben evidenciar que la agencia consideró los elementos esenciales del expediente y resolvió la controversia planteada conforme con el marco legal aplicable. En este caso, no consta que la Junta Adjudicativa haya consignado en su *Resolución* los hechos que tuvo por probados, ni los que descartó, ni las normas jurídicas específicas que sustentaron su determinación.

A la luz de lo anterior, la ausencia de conclusiones de derecho plantea interrogantes sobre si, en efecto, la Junta Adjudicativa de la OGPe evaluó en su totalidad los aspectos en controversia y resolvió adecuadamente los conflictos ante su consideración. Esta evaluación resulta necesaria para examinar si la conclusión a la que llegó la agencia, particularmente, en cuanto a la denegación de la solicitud de construcción, respondió al cumplimiento de sus deberes conforme a derecho.

Cabe destacar que, mediante Resolución emitida y notificada el 26 de febrero de 2025, esta curia ordenó a la OGPe presentar alegato en oposición. Sin embargo, la agencia se limitó a presentar una *Moción Informativa y Solicitud de Devolución del Caso*, en la cual solicitó la devolución del caso para su reevaluación y expedir una determinación final.

Por todo lo anterior, este Tribunal está impedido de ejercer su función revisora. Ahora bien, lo anterior no limita a que una vez la OGPe emita una determinación final con las correspondientes determinaciones de hecho y conclusiones de derecho, la parte que así lo estime pueda presentar el recurso legal que estime proceda.

IV

De conformidad con lo antes expuesto, se **desestima** por prematuro el recurso de Revisión Administrativa.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones