Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| ROLANDO REYES SIERRA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | KLRA202300545 | *CERTIORARI*<br>Procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Adm. Núm.:<br>ICG-1132-2023<br><br>Confinado Núm.:<br>1-10321<br><br>Sobre:<br>Programa de Pre-Reinserción |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de enero de 2024.

Comparece el señor Rolando Reyes Sierra ("señor Reyes Sierra" y "Recurrente") por derecho propio e *in forma pauperis* mediante un recurso de *Revisión de Decisión Administrativa en Auxilio de Jurisdicción* presentado el 20 de octubre de 2020. Nos solicita que revoquemos una *Evaluación del Programa de Pre-Reinserción* emitida el 17 de agosto de 2023 y notificada el 19 de septiembre de 2023 por el Departamento de Corrección y Rehabilitación ("DCR" o "agencia recurrida"). Mediante el aludido dictamen, la agencia recurrida determinó que el Recurrente no cualifica para participar del Programa para la Pre-Reinserción a la Libre Comunidad.

Por los fundamentos expuestos a continuación, expedimos el auto de *certiorari* y **revocamos** el dictamen recurrido.

## I.

El señor Reyes Sierra actualmente se encuentra cumpliendo una sentencia de noventa y nueve (99) años en la Institución

Número Identificador

SEN(RES)2024_____

Correccional Guerrero de Aguadilla por la comisión de un asesinato en primer grado, según prohíbe el Artículo 83(a) del *Código Penal de 1974*, Ley Núm. 115 del 22 de julio de 1974, según enmendada, 33 LPRA 4002, y por infracción a los Artículos 4.04, 4.15 y 5.01 de la *Ley de Armas de Puerto Rico*, Ley Núm. 404 de 11 de septiembre de 2000, según enmendada, 25 LPRA secs. 457i, 458a y 458n.

El **3 de agosto de 2023**, el Recurrente presentó una *Solicitud de Remedio Administrativo*,[1] en la que solicitó ser integrado al Programa para a Pre Reinserción a la Libre Comunidad, de conformidad con la Orden Administrativa DCR-2018-07, la cual estaba vigente a la fecha de la solicitud. El **23 de agosto de 2023**, la agencia recurrida emitió una *Respuesta al Miembro de la Población Correccional*.[2] En torno a su petición, notificó que se encontraba aún en evaluación.[3]

En el interín, el **7 de septiembre de 2023**, el DCR adoptó la Orden Administrativa DCR-2023-03 intitulada *Proyecto para la Pre-Reinserción a la Libre Comunidad* ("Orden Administrativa DCR-2023-03"), la cual derogó la Orden Administrativa DCR-2018-07, titulada *Programa de Pre Reinserción a la Libre Comunidad,* del 21 de diciembre de 2018 ("Orden Administrativa DCR-2018-07").

Insatisfecho con la respuesta emitida por el DCR el **23 de agosto de 2023**, el **15 de septiembre de 2023**, **sometió una Solicitud de Reconsideración.**[4] En su escrito, adujo su inconformidad en torno a la respuesta aludida por no atender su solicitud, y nuevamente peticionó ser integrado al Programa para la Pre-Reinserción a la Libre Comunidad. Trascurridos varios días, el 19 de septiembre de 2023, el DCR notificó una *Evaluación Programa*

---

[1] *Apéndice del recurrente*, pág. 5.
[2] Íd., págs. 6-7.
[3] Íd., pág. 7.
[4] Íd., pág. 8.

*de Pre-Reinserción,*[5] la cual había sido realizada el 17 de agosto de 2023.[6] Al respecto, dictaminó lo siguiente:

> **No cumple con lo dispuesto en la Orden Administrativa DCR2018-07-** Programa para la Pre-Reinserción a Libre Comunidad-Normas Generales, Letra B-Exclusiones, Inciso #5 "Ley de Armas Núm. 404-2000, según enmendada, conocida como la Ley de Armas de Puerto Rico. Se considerarán aquellos casos que estén cumpliendo sentencia por los delitos de ley de armas acompañados con otros delitos que cualifiquen para su participación en el programa. Para ello debe haber cumplido la pena impuesta por el delito de la ley de armas. Surge de la Hoja Control Liquidación de Sentencia que cumplirá las penas impuestas por el delito de Infracción al Art. 5.01 LA, Art. 4.15 LA y Art. 4.04 LA el 27 de febrero de 2099, sus sentencias fueron dictadas concurrentes.[7] (Énfasis suplido).

En desacuerdo con tal dictamen, ese mismo día, **19 de septiembre de 2023**, el Recurrente presentó una *Solicitud de Reconsideración.*[8] Argumentó que incidió el DCR al resolver que la comisión del delito bajo la Ley de Armas, *supra,* le excluye de participar en el programa solicitado. Señaló, además, que solamente estaba cumpliendo la pena mayor por el delito de asesinato en primer grado.

En consecuencia, el **28 de septiembre de 2023**, la agencia recurrida emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional,* notificada el 3 de octubre de 2023.[9] En torno a dicha solicitud, dispuso lo siguiente:

> Con relación a su solicitud de reconsideración, dialogado con el área socio penal, su solicitud para el programa pre reinserción libre comunidad, **le fue entregada el día 19/septiembre/23, y firmada por usted. Indicando la misma, que dispuesto a la orden administrativa DCR2018-07 fue denegada**, por Inciso #5 por Ley de Armas. Para su conocimiento en dicho documento indican que **si usted no está de acuerdo a la decisión, puede realizar una revisión de su caso ante e[l] Tribunal de Apelaciones, tiene 30 días para realizar el mismo**.

Inconforme con la determinación administrativa, el **20 de octubre de 2023**, el señor Reyes Sierra acudió ante nos mediante

---

[5] Íd., pág. 9.
[6] A la fecha de emitida la *Evaluación del Programa de Pre-Reinsercion* se encontraba vigente la Orden Administrativa DCR-2018-07, *supra.*
[7] Íd.
[8] Íd., pág. 10-12.
[9] Íd., pág. 17.

un recurso intitulado *Revisión de Decisión Administrativa en Auxilio de Jurisdicción*. En éste, esbozó los siguientes señalamientos de error:

> PRIMER ERROR: Erró el D.C.R. al no basar su determinación en evidencia sustancial, erró en la aplicación e interpretación de las leyes y los reglamentos que se le la ha encomendado administrar, lesionando así los derechos fundamentales del Peticionario, al actuar así, arbitraria, caprichosa, irrazonable e ilegalmente, habiendo una determinación carente de base racional y contraria a derecho.

> SEGUNDO ERROR: Erró el D.C.R. al aplicar la disposición de O.A. DCR 2018-07-Normas Generales, Letra B-Exclusiones Inciso #5, ello contrario a derecho y en un claro abuso de discreción, y contrario a lo establecido en la Ley Núm. 79-2022.

> TERCER ERROR: Erró el D.C.R. al no conceder al Peticionario poder participar del Programa para la Pre-Reinserción a la Libre Comunidad, ignorando así que su actuación supone un grave perjuicio para quien suscribe, en tanto interrumpió el Proceso de Rehabilitación emprendido por este proceso que constituye la meta principal del sistema penal según la carta magna.

> CUARTO ERROR: Erró el D.C.R. al incumplir con el mandato constitucional de Rehabilitación al utilizar como único factor en la determinación denegada, que el delito de ley de armas excluye al Peticionario de participar en dicho programa en virtud de lo dispuesto en el inciso #5, letra B-Exclusiones de las Normas Generales de la Orden Administrativa D.C.R.-2018-07 aprobada el 21 de diciembre de 2018, sabiendo ellos que mi sentencia fue dictada de manera concurrente.

> QUINTO ERROR: Erró el D.C.R. al denegar el Programa para la Pre-Reinserción a la Libre Comunidad al Peticionario, impidiendo y coartando la política pública de la Agencia, Sección 19 Art. VI Constitución del Estado Libre Asociado de Puerto Rico L.P.R.A. Tomo I ya que a través de dicho programa viabiliza que el confinado trabaje para el sustento económico de sus familiares o estudios mientras utiliza un brazalete electrónico, el cual es el deseo e interés del suscribiente.

El **10 de noviembre de 2023**, esta Curia emitió *Resolución* en la cual concedió diez (10) días a la agencia recurrida a los fines de que presentara su oposición.

Mientras se encontraba pendiente de adjudicación el recurso del Recurrente ante esta Curia, el **16 de noviembre de 2023**, el DCR remitió una *Certificación* al Recurrente.[10] En ésta, notificó el estado de su caso ante el organismo administrativo:

> [E]l 7 de septiembre de 2023, fue efectiva la Orden Administrativa DCR-2023-03 Proyecto para la Pre-Reinserción a la Libre Comunidad. Esta orden administrativa es de beneficio para el confinado por lo que

---

[10] *Apéndice de la agencia recurrida,* pág. 1.

**su caso se encuentra al presente en proceso de reevaluación para el Centro de Rehabilitación y Nuevas Oportunidades de Arecibo conforme a dicha orden**.[11] (Énfasis nuestro).

Respectivamente, el **21 de noviembre de 2023**, la agencia recurrida presentó un *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*. En síntesis, alegó que este Tribunal carece de jurisdicción para atender los méritos del caso, toda vez que su presentación resulta prematura. En específico, adujo que el caso presente se encuentra pendiente de adjudicación.

Examinado el *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación* presentado, esta Tribunal declaró *No Ha Lugar*, y concedió un término de diez (10) días a la agencia recurrida para que expresara su posición en cuanto al recurso. Al día siguiente, entiéndase, el **7 de diciembre de 2023**, el Recurrente presentó una *Réplica a Escrito en Cumplimiento de Resolución y Solicitud*. En esencia, alegó que sesenta y siete (67) días después de presentar su solicitud de reconsideración, advino en conocimiento de que su caso se encuentra en proceso de reevaluación. Por lo anterior, reiteró que el Tribunal de Apelaciones ostenta jurisdicción para atender su reclamación.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa aplicable al caso ante nuestra consideración.

## II.

### A. Alcance de las garantías mínimas contenidas en la Ley de Procedimiento Administrativo Uniforme

La *Ley de Procedimiento Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38 de 30 de junio de 2017, según enmendada, 3 LPRA sec. 9602 ("LPAU"), decreta como política pública la solución informal de las controversias administrativas, de manera que resulte

---

[11] *Id.*

innecesaria la tramitación formal de los asuntos sometidos ante la agencia. Las disposiciones de esta ley "se interpretarán liberalmente, de forma tal que garanticen que los procedimientos administrativos se efectúen en forma rápida, justa y económica y que aseguren una solución equitativa en los casos bajo la consideración de la agencia". 3 LPRA Sec. 9602.

Ahora bien, **"[l]os procedimientos adjudicativos administrativos efectuados por las agencias, y cobijados por la LPAU, deben ofrecer unas garantías mínimas uniformes**". (Énfasis suplido). *Autoridad de Carreteras y Transportación v. Programa*, 210 DPR 897, 915 (2022). Dicha uniformidad permea también en los términos para la presentación de una moción de reconsideración y para recurrir en revisión judicial al Tribunal de Apelaciones. *Autoridad de Carreteras y Transportación v. Programa, supra*; *SLG Saldaña-Saldaña v. Junta*, 201 DPR 615, 621 (2018).

### B. Solicitud de reconsideración a nivel administrativo

La Sección 3.15 de la LPAU, *supra*, reconoce el derecho a solicitar reconsideración ante el ente administrativo. Este mecanismo brinda a las agencias la oportunidad para corregir sus errores, lo que contribuye a reducir la presentación de recursos de revisión judicial, "procurando, de esta forma, alcanzar los postulados de justicia y economía, enmarcados en la declaración de política pública de la LPAU". *Saldaña Egozcue v. Junta de Administración Central* del *Condominio Park Terrace et. al.*, 201 DPR 615, 622 (2018). Véase, también, *Fonte Elizondo v. F & R Const.,* 196 DPR 353, 358 (2016). En lo concerniente, la precitada sección establece que:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare

dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. **Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración.** 3 LPRA sec. 9655. (Énfasis suplido).

La presentación de una oportuna moción de reconsideración interrumpe automáticamente el término para acudir en revisión judicial. *Flores Concepción v. Taíno Motors,* 168 DPR 504, 514 (2006). Dentro del término de quince (15) días, la agencia posee la facultad para proceder de la siguiente manera: (1) tomar alguna determinación en su consideración; (2) rechazarla de plano, o (3) no actuar sobre ésta, lo cual equivale a rechazarla de plano. Íd.*,* págs. 514-515.

Conviene destacar que, en *Flores Concepción v. Taíno Motors, supra,* pág. 521, el Tribunal Supremo de Puerto Rico resolvió prospectivamente que un organismo administrativo conserva su jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido, **siempre y cuando no haya cursado el término para acudir en revisión ante el tribunal intermedio y no se haya presentado un recurso ante dicho foro**. (Énfasis nuestro). Este arreglo estatutario evita que el ciudadano esté sujeto a la inacción de la agencia por un tiempo indefinido. *Assoc. Condomines v. Meadows Dev.,* 190 DPR 843, 853 (2014). A su vez, se garantiza el derecho a acudir al foro apelativo mediante revisión judicial. *Miranda Corrada v. Departamento de Desarrollo Económico,* 2023 TSPR 40. Véase, también, W. Vázquez Irizarry, Derecho administrativo, 82 Rev. Jur. UPR 279, 299 (2013).

### C. *Revisión judicial ante el Tribunal de Apelaciones*

Una parte inconforme con la determinación administrativa tiene el derecho a recurrir en revisión judicial ante el Tribunal de Apelaciones. El aludido derecho "es parte del debido proceso de ley

protegido por la Constitución de Puerto Rico". *Autoridad de Carreteras y Transportación v. Programa, supra,* pág. 908; *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

A esos fines, "el Artículo 4.006(c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico otorga la competencia apelativa al Tribunal de Apelaciones para revisar las decisiones, órdenes y resoluciones finales de las agencias administrativas". *Assoc. Condomines v. Meadows Dev., supra.* En esa dirección, la Sección 4.2 de la LPAU, *supra,* reconoce el derecho a acudir al foro apelativo mediante el recurso de revisión judicial. Al respecto, el citado precepto dispone lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión.

El proceso de revisión judicial está limitado a determinar: (1) si el remedio concedido por la agencia fue el apropiado; (2) si las determinaciones de hechos de la agencia están basadas en evidencia sustancial que obra en el expediente administrativo, y (3) si las conclusiones de derecho fueron las correctas. Asoc. *FCIAS. v. Caribe Specialty II*, 179 DPR 923, 940 (2010). Véase, también, *Mun. de San Juan v. J.C.A.* 149 DPR 263, 279 (1999). Los tribunales apelativos debemos sostener los dictámenes agenciales a menos que la presunción de legalidad haya sido superada. *Capó Cruz v. Junta de Planificación,* 204 DPR 581, 591 (2020); *Torres Rivera v. Pol. de Puerto Rico,* 196 DPR 606, 626 (2016).

### D. Proyecto para la Pre-Reinserción a Libre Comunidad de conformidad a la Orden Administrativa DCR-2023

La Sección 19 del Artículo VI de la Constitución de Puerto Rico, LPRA Tomo I, decreta como política pública del Estado "el reglamentar las instituciones penales para que sirvan a sus propósitos en forma efectiva y propender, dentro de los recursos disponibles, al tratamiento adecuado de los delincuentes para hacer posible su rehabilitación moral y social". Como corolario de este mandato, el Plan de Reorganización del Departamento de Corrección y Rehabilitación, Núm. 2 de 21 de Noviembre de 2011, según enmendado, 3 LPRA, Ap. XVIII, Art. 2, ("Plan de Reorganización") aspira a "la creación de un sistema integrado de seguridad y administración correccional en donde las funciones y los deberes se armonicen en un proceso facilitador a la imposición de penas y medidas de seguridad".

El Artículo 7 del Plan de Reorganización, *supra*, reconoce el establecimiento del Departamento de Corrección y Rehabilitación como el organismo responsable de implantar la política pública relacionada con el sistema correccional y de rehabilitación. 3 LPRA, Ap. XVIII, Art. 4. Este cuerpo legal faculta al Secretario del DCR a adoptar, establecer, desarrollar, enmendar, derogar e implementar reglas, reglamentos, órdenes, entre otros, para el funcionamiento efectivo de la agencia bajo su jurisdicción. 3 LPRA, Ap. XVIII, Art. 7.

En virtud de esas facultades, el 7 de septiembre de 2023, el DCR adoptó la Orden Administrativa DCR-2023-03 intitulada *Proyecto para la Pre-Reinserción a la Libre Comunidad* ("Orden Administrativa"). Esta medida agencial procura que "los miembros de la población correccional se adapten a la vida en libre comunidad a los fines de que se conviertan en personas independientes y productivas para nuestra sociedad y reconozcan que se encuentran ante una nueva oportunidad de vida". Introducción de la Orden

Administrativa, *supra*, pág. 3. Por medio de esta iniciativa, éstos convivirán en una facilidad correccional, similar a las condiciones que podrían encontrarse una vez estén en la libre comunidad. Introducción de la Orden Administrativa, *supra*, págs. 2-3.

### E. Criterios de elegibilidad para participar en el Proyecto para la Pre-Reinserción a la Libre Comunidad

El apartado IV de la Orden Administrativa, *supra*, fija los criterios de elegibilidad para participar del Proyecto para la Pre-Reinserción a la Libre Comunidad. A esos fines, la Orden Administrativa, *supra*, establece los siguientes requisitos que debe exhibir el solicitante de este beneficio:

1. No tener resoluciones administrativas disciplinarias en su contra durante los últimos seis (6) meses. Tampoco puede tener procesos disciplinarios pendientes de, resolver.

2. Estar clasificados en custodia mediana o mínima.

3. No tener pendiente procesos criminales ante los tribunales.

4. Podrá estar disfrutando de pases familiares sin custodia.

5. Haber satisfecho la Pena Especial impuesta o poseer un plan de pago, conforme a la Ley Núm. 183-1998, según enmendada, conocida corno "Ley de Compensación a las Víctimas de Delito". 6 Debe estar en cumplimiento con lo dispuesto en las siguientes leyes a) Ley Núm. 175-1998, según enmendada, conocida como "Ley del Banco de Datos de ADN de Puerto Rico". b) Ley Núm. 243-2011, según enmendada, "Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores".

6. Deberá restarle diez (10) años o menos para cumplir el mínimo de la sentencia.

7. Debe estar cumpliendo con el Plan Institucional asignado favorablemente y presentar buenos ajustes institucionales. Esto debe estar certificado por el Técnico de Servicios Sociopenales y contar con el visto bueno del supervisor.

8. En los casos datos miembros de la población correccional que tengan historial de uso de sustancias controladas o alcohol, deberán haberse beneficiado de tratamiento contra la adicción.

9. En tos casos de los miembros de la población correccional convictos por infracción a la Ley Núm. 54 del 15 de agosto de 1989, conocida como la "Ley para la Prevención e Intervención con la Violencia Doméstica" o de algún delito de naturaleza sexual, previo a ser considerados para participar del Proyecto, deberán haberse beneficiado del programa Aprendiendo a Vivir Sin Violencia y contar con la recomendación favorable del terapista/ psicólogo.

10. En tos casos en que el miembro de la población correccional haya incurrido en el delito de fuga o en la comisión de un nuevo delito, deberá haber transcurrido

un mínimo de tres (3) años desde la fecha en que fue sentenciado. Además, tendrá que haber completado el tratamiento recomendado en su Plan Institucional.

11. En tos casos en que el miembro de la población correccional haya incurrido en violación a las normas y condiciones de algún programa previo, podrá ser considerado solamente por una segunda ocasión adicional, luego de haber transcurrido un mínimo de dieciocho (18) meses desde el incumplimiento. Además, tendrá que haber completado el tratamiento recomendado en su Plan Institucional. No se considerará para participar del programa si incurrió en la comisión de un nuevo delito durante el disfrute del privilegio.

12. No constituir un riesgo para su propia seguridad, la de sus compañeros, la comunidad y tas víctimas o partes perjudicadas.

13. Tener una actitud positiva y tener la disposición genuina de trabajar, estudiar, rendir tas tareas que se le requieran y de ser orientado en las áreas que sean necesarias.

14. Deberá estar en disposición y actitud favorable para que el patrono, la institución educativa o el centro de tratamiento, pueda darle seguimiento y supervisión a su trabajo, estudios o tratamiento, según aplique.

15. Estar dispuesto (el confinado o un familiar) a sufragar los costos que conlleve su Supervisión Electrónica, la cual será constante mientras participe del Proyecto, y cualquier otro gasto en el cual incurra, entre ellos, los gastos básicos por los servicios de agua y luz, alimentos y vestimenta. IV (A), Orden Administrativa, págs. 4-6.

De acuerdo con la aludida Orden, "será excluida para participar de este Programa, toda persona convicta de delito grave a la cual se le haya hecho una determinación de reincidencia agravada o reincidencia habitual, conforme a las disposiciones del Código Penal de Puerto Rico". IV (B), Orden Administrativa, *supra*, pág. 6.

**III.**

En el presente recurso, el señor Reyes Sierra alega que el DCR violentó su derecho a la rehabilitación a tenor con la Sección 19 del Artículo VI de la Constitución de Puerto Rico. En específico, aduce que la agencia recurrida incidió al dictaminar que su condena bajo Ley de Armas de Puerto Rico, *supra*, le excluye de participar en el Programa de Pre-Reinserción a la Libre Comunidad. Por otro lado, advierte que el ente administrativo le notificó el estado de su solicitud sesenta y siete (67) días después de la presentación de su petición de reconsideración. Puntualiza que, de haber esperado el aludido término no hubiera ejercido oportunamente su derecho a

solicitar revisión judicial. Por lo anterior, sostiene que este Tribunal posee jurisdicción para atender en sus méritos su caso.

Por su parte, el DCR argumenta que el Tribunal de Apelaciones carece de jurisdicción para intervenir en la determinación recurrida. Arguye que, a la fecha de la presentación de la solicitud de revisión judicial, entiéndase, el **6 de octubre de 2023**, el trámite administrativo no había concluido. Por lo anterior, sostiene que la reclamación del recurrente es prematura. A la luz de tales argumentos, solicita la desestimación del recurso ante nuestra consideración.

En el presente caso, nos corresponde determinar si esta Curia ostenta jurisdicción para intervenir en el dictamen del organismo administrativo recurrido. Veamos.

Como foro revisor, nuestra tarea se circunscribe a examinar las determinaciones finales de las agencias mediante el recurso de revisión judicial. Así permitimos que el ente agencial ejerza sus facultades adjudicativas mediante su conocimiento especializado. Ante la presentación de una reconsideración a nivel agencial, se interrumpe el término para recurrir al foro apelativo. De hecho, la agencia conserva su jurisdicción después de transcurridos los quince (15) días para atender la reconsideración, **siempre y cuando no haya cursado el término para acudir en revisión judicial y no se haya presentado un recurso ante este tribunal**. (Énfasis nuestro). *Flores Concepción v. Taíno Motors, supra,* pág. 514. A esos efectos, el término para acoger la reconsideración no es indefinido. Esta limitación salvaguarda la oportunidad de solicitar revisión judicial: derecho procedente del debido proceso de ley. *Autoridad de Carreteras y Transportación v. Programa, supra,* pág. 908; *Assoc. Condomines v. Meadows Dev., supra,* pág. 847.

Tras una evaluación minuciosa del expediente ante nuestra consideración, resolvemos que este tribunal tiene jurisdicción para

atender el caso en sus méritos. El **17 de agosto de 2023**, el DCR emitió una *Evaluación del Programa de Pre-Reinserción,* notificada el 19 de septiembre de 2023. En ésta, determinó que el señor Reyes Sierra no cualifica para participar del Programa para la Pre-Reinserción a la Libre Comunidad, de conformidad con la Orden Administrativa DCR-2018-07, *supra,* vigente al momento de la evaluación. Inconforme con el proceder administrativo, el **15 de septiembre de 2023**, el Recurrente presentó oportunamente su petición de reconsideración. **Cabe destacar que, sobre dicha solicitud de reconsideración, el 28 de septiembre de 2023, la agencia recurrida emitió una** *Respuesta de Reconsideración al Miembro de la Población Correccional,* **mediante la cual denegó la solicitud instada. La misma fue notificada el 3 de octubre de 2023.**

Amparado en su derecho a solicitar revisión judicial, el 20 de octubre de 2023, el Recurrente acudió ante este Tribunal mediante recurso de revisión administrativa. Contrario a lo alegado por el DCR, aquí se emitió una determinación, la cual adjudicó de manera final la solicitud de reconsideración instada por el Recurrente. En particular, en la *Respuesta de Reconsideración al Miembro de la Población Correccional,* se le apercibió al Recurrente de su derecho a acudir ante esta Curia, disponiendo lo siguiente: "[…] Para su conocimiento en dicho documento indican que[,] si usted no está de acuerdo a la decisión, **puede realizar una revisión de su caso ante el Tribunal de [A]pelaciones, tiene 30 días para realizar el mismo".** (Énfasis suplido). Por tanto, la agencia recurrida no puede inducir a error a este Tribunal alegando que el caso está pendiente de adjudicación en virtud de la *Certificación* emitida el **16 de noviembre de 2023**. Adviértase que el DCR expidió dicho documento cuando el Recurrente ya había presentado el recurso ante nos. Resolver que no ostentamos jurisdicción como argumenta

la agencia, privaría al Recurrente de su derecho a solicitar revisión judicial, el cual ejerció de manera correcta y eficiente.

En torno a los méritos del caso, determinamos que incidió el DCR al denegar la solicitud de reconsideración presentada por el Recurrente el 15 de septiembre de 2023. Cabe destacar que, desde el 7 de septiembre de 2023, antes de que el Recurrente instara su solicitud de reconsideración, entró en vigor la Orden Administrativa DCR-2023-03, *supra.* Una vez solicitada la reconsideración, le correspondía a la agencia recurrida reevaluar el caso a tenor con los criterios de elegibilidad contenidos en la referida Orden. No obstante, la agencia optó por denegar la solicitud de reconsideración y posteriormente, enviarle una *Certificación* al Recurrente, donde le notificó que su caso sería reevaluado a tenor con las disposiciones de la aludida Orden.

Aun cuando esta Curia ostenta jurisdicción para atender los méritos del presente recurso, resolvemos que erró el DCR al denegar la solicitud de reconsideración. En todo momento la solicitud de reinserción a la libre comunidad presentada por el Recurrente fue evaluada a tenor con las disposiciones de la Orden Administrativa DCR2018-07, *supra.* En vista de que a la fecha de la presentación de la reconsideración ya había entrado en vigor la nueva Orden Administrativa DCR-2023-03, *supra,* la agencia **tenía** que reevaluar la petición del Recurrente conforme a la normativa vigente del DCR, lo cual no hizo. Siendo así, resolvemos que el DCR deberá justipreciar la petición del Recurrente de conformidad con la nueva Orden Administrativa DCR-2023-03, *supra.* No obstante, aclaramos que no estamos determinando que el Recurrente es o no merecedor de los beneficios del programa para la reinserción a la libre comunidad.

Por tal razón, devolvemos el caso al organismo agencial para que emita un dictamen de reconsideración de conformidad a los

criterios de elegibilidad contenidos en el apartado IV de la Orden Administrativa DCR-2023-03, *supra.*

**IV.**

Por los fundamentos expresados, **revocamos** la determinación recurrida del DCR y devolvemos el caso a la agencia para que dicte una determinación de manera compatible con esta sentencia.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones