Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CONTINIUM CARE SOLUTIONS, INC. ("CPS")<br><br>Recurrente<br><br><br>V.<br><br><br>ADMINISTRACIÓN DE SERVICIOS MÉDICOS ("ASEM")<br><br>Recurrido | KLRA202300420 | *Revisión Judicial* procedente de la Junta de Revisión de Subasta de la Administración de Servicios Médicos de Puerto Rico ("ASEM")<br><br>Resolución Número: JR-23-01<br><br>Sobre: Solicitud de Propuestas de Servicios Profesionales mediante el proceso extraordinario de Contratación bajo Estado de Emergencia ("ASEM") |

Panel integrado por su presidente, el Juez Sánchez Ramos, Jueza Grana Martínez y el Juez Marrero Guerrero.

Marrero Guerrero, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2024.

Comparece Continium Care Solutions, Inc. (en adelante Continium o parte recurrente), mediante el recurso de revisión judicial, y nos solicita que revoquemos la *Resolución Núm. JR-23-01* dictada y notificada el 12 de julio de 2023, por la Asociación de Servicios Médicos (en adelante, ASEM o parte recurrida). En síntesis, alega que la ASEM determinó de forma arbitraria, caprichosa e irrazonable adjudicar la solicitud de *Propuestas de servicios profesionales mediante el proceso extraordinario de contratación bajo estado de emergencia* (en adelante, *Propuesta de servicios* profesionales) a favor de Management Consultant & Computer Services, Inc. (en adelante, MCCS).

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe. Explicamos.

**I.**

El 3 de marzo de 2023, la ASEM suscribió un correo electrónico en el que comunicó que el contrato actual con Continium para los servicios hospitalarios de registro, admisiones, utilización, manejo de altas, facturación, cobro y personal de apoyo de la ASEM, según lo establecido en el *Request for proposal 2019-002* (en adelante, RFP2019-002)[1], vencía el 14 de marzo de 2023.[2] Añadió que no fue posible renovar o extender el mencionado contrato. Por lo tanto, declaró un estado de emergencia con el objetivo de asegurar que, ante la inminente terminación del contrato, los servicios ofrecidos en las facilidades de la ASEM se mantuvieran sin afectar a las personas atentidas en ese momento, de acuerdo con el contrato entonces vigente entre las partes.

En el mencionado comunicado, la parte recurrida señaló no estar obligada a realizar un proceso competitivo debido a la declaración de emergencia. No obstante, aseguró su intención de garantizar la transparencia y competitividad de los servicios ofrecidos por la ASEM. Por ello, solicitó propuestas informales para los servicios profesionales que se disponía a contratar a las tres empresas que tienen experiencia reciente en el manejo del ciclo de ingresos en el hospital Centro Médico, a saber: MCCS, Continium y Reliable Health Services (en adelante, Reliable). En síntesis, ASEM añadió en su comunicado que: (1) se trataba de un proceso de contratación de emergencia para cubrir el período de transición ante un nuevo procedimiento de contratación; (2) el contrato inicial tendría una duración de aproximadamente nueves (9) meses,

---

[1] Es importante destacar que en 2019, tras solicitar propuestas a varias entidades para proporcionar los servicios hospitalarios de registro, admisiones, utilización, manejo de altas, facturación, cobro y personal de apoyo para la ASEM, la buena pro fue otorgada a Continium. Como resultado, la parte recurrente firmó un contrato con la ASEM con una duración de 24 meses, vigente desde el 15 de marzo de 2021 hasta el 14 de marzo de 2023.

[2] Apéndice del *Recurso de revisión judicial* de la parte recurrente, Anejo 1, págs. 1-2.

comenzando desde el 15 de marzo de 2023 hasta el 31 de diciembre de 2023; (3) no estaba obligada a solicitar propuestas, pero que deseaba tener alternativas; (4) no existía un pliego o especificaciones, sino que los proponentes solo debían presentar propuestas claras y precisas para su evaluación; y (5) el proceso y la determinación final no estarían sujetas a revisión, ya que esto pondría en peligro la continuidad de los servicios proporcionados por la ASEM.

Después de llevar a cabo diversos procedimientos ante la ASEM, se recibieron y evaluaron las propuestas presentadas por las tres entidades mencionadas. Posteriormente, el 10 de marzo de 2023, la parte recurrida emitió una *Notificación de adjudicación propuesta de servicios profesionales mediante proceso extraordinario de contratación bajo estado de emergencia* (en adelante, *Notificación de adjudicación de propuesta*) en la que seleccionó la propuesta presentada por MCCS.[3] Esta elección se fundamentó en la percepción de que dicha propuesta proporcionaba el mejor valor tanto para la ASEM como para el erario.

La notificación de la adjudicación de la buena pro incluyó información sobre el procedimiento y los términos para solicitar reconsideración o revisión administrativa. Haciendo referencia a los términos establecidos en la Ley Núm. 38 de 2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA secs. 9601-9713, (en adelante, LPAU), la notificación detalló lo siguiente:

> La parte adversamente afectada por una decisión podrá presentar una moción de reconsideración ante la Administración de Servicios Médicos de Puerto Rico, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de [la] propuesta mediante correo electrónico. La ASEM, según sea el caso, deberá considerar la moción de reconsideración dentro de los diez (10) días laborables de haberse presentado. Si se tomare alguna

---

[3] Íd., Anejo 17, págs. 322-335. Es importante destacar que, según surge del expediente, la notificación de la adjudicación se realizó en la misma fecha, es decir, el 10 de marzo de 2023. Véase, págs. 322 y 335.

determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archive en autos, copia de la notificación de la decisión de la ASEM resolviendo la moción de reconsideración. Si la ASEM dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial.

Si la ASEM acoge la solicitud de reconsideración dentro del término provisto para ello, deberá emitir la resolución en reconsideración dentro de los treinta (30) días siguientes a la radicación de la moción de reconsideración. Si la ASEM acoge la moción de reconsideración, pero dejase de tomar alguna acción con relación a la moción dentro de los treinta (30) días de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de treinta (30) días.

La ASEM podrá extender dicho término una sola vez, antes de que este culmine, por un término adicional de quince (15) días. En la alternativa, la parte adversamente afectada por una decisión podrá presentar un recurso de revisión administrativa ante la Junta Revisora de la Administración de Servicios Generales, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de la subasta o propuesta. La Junta Revisora de la Administración de Servicios Generales, deberá considerar el recurso de revisión administrativa dentro de los diez (10) días laborables de haberse presentado. Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archive en autos, copia de la notificación de la decisión de la Junta Revisora de la Administración de Servicios Generales resolviendo el recurso.

Si la Junta Revisora de la Administración de Servicios Generales dejare de tomar alguna acción con relación a la revisión administrativa dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. Si la Junta Revisora de la Administración de Servicios Generales acoge el recurso de revisión administrativa dentro del término provisto para ello, deberá emitir su resolución dentro de los treinta (30) días siguientes a la radicación del recurso de revisión.

Si la Junta Revisora de la Administración de Servicios Generales acoge el recurso de revisión administrativa, pero deja de tomar alguna acción con relación al recurso de revisión dentro de los treinta (30) días de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de treinta (30) días. La Junta Revisora de la Administración de Servicios Generales podrá extender dicho término una sola vez, por un término adicional de quince (15) días.

El 20 de marzo de 2023, la ASEM emitió una *Enmienda nunc pro tunc a notificación de adjudicación propuesta de servicios profesionales mediante proceso extraordinario de contratación bajo*

*estado de emergencia* (en adelante, *Enmienda a notificación de adjudicación de propuesta*) en la que modificó la información relacionada con el procedimiento y los términos para solicitar revisión administrativa.[4] En esta ocasión, la parte recurrida hizo referencia a los términos establecidos en la Ley Núm. 73 de 2019, Ley de la Administración de Servicios Generales para la Centralización de las Compras del Gobierno de Puerto Rico, 3 LPRA secs. 9831-9841h, (en adelante, Ley Núm. 73-2019). La notificación especificó lo siguiente:

> Cualquier parte adversamente afectada por una decisión de la Administración, de la Junta de Subastas y/o de cualquier Junta de Subastas de Entidad Exenta podrá, dentro del término de veinte (20) días a partir del correo electrónico notificando la adjudicación de la subasta informal, presentar una solicitud de revisión ante la Junta Revisora de la Administración de Servicios Generales. Presentada la revisión administrativa, la Administración y/o la Junta de Subastas correspondiente elevará a la Junta Revisora copia certificada del expediente del caso, dentro de los tres (3) días naturales siguientes a la radicación del recurso.

> La parte adversamente afectada notificará copia de la solicitud de revisión administrativa a la Administración y a la Junta de Subastas correspondiente; simultáneamente notificará también al proveedor que obtuvo la buena pro en la subasta en cumplimiento con lo establecido en el Artículo 62 de la Ley 73 del 2019, Este requisito es de carácter jurisdiccional. En el propio escrito de revisión, la parte recurrente certificará a la Junta Revisora su cumplimiento con este requisito. La notificación podrá hacerse por correo certificado con acuse de recibo o por cualquier correo electrónico. De así ser solicitado por la parte adversamente afectada, la Junta de Subastas le proveerá a este las direcciones, tanto postales como electrónicas, que los proveedores participantes le hayan informado a la Junta de Subastas durante el proceso de subasta informal impugnado.

> La Junta Revisora deberá considerar la revisión administrativa, dentro de los treinta (30) días de haberse presentado. La Junta Revisora podrá extender dicho término una sola vez, por un término adicional de quince (15) días calendario. La Junta Revisora podrá citar a las partes, dentro del término de diez (10) días de haberse notificado la solicitud de revisión a las partes, a una vista evidenciaria en la cual podrá recibir prueba adicional, sea testifical, documental, o física, que le permita tomar una determinación, en torno a la revisión ante su consideración. Asimismo, la Junta Revisora podrá recibir testimonio pericial, podrá recibir y solicitar exámenes de muestras de los productos en cuestión y podrá efectuar un análisis independiente y propio de los hechos, aspectos técnicos, y los demás asuntos contenidos en el

---

[4] Íd., Anejo 18, págs. 336-348. Según surge del expediente, la notificación de la adjudicación enmendada se realizó en la misma fecha, esto es, el 20 de marzo de 2023. Véase, específicamente, pág. 348.

expediente de la subasta informal o el requerimiento en cuestión. Además, podrá revisar de forma independiente y autónoma las determinaciones de hecho y conclusiones de la Junta de Subastas de la que se origina la solicitud de revisión, siendo las mismas revisables en todos sus aspectos. Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se depositó en el correo federal o correo electrónico copia de la notificación de la decisión de la Junta Revisora resolviendo la moción. Si la Administración o la Junta Revisora dejare de tomar alguna acción con relación a la solicitud de revisión dentro del término correspondiente, según dispuesto en Ley, se entenderá que ésta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. El Tribunal Apelativo será el foro con jurisdicción para revisar, mediante recurso de revisión judicial, las determinaciones administrativas arriba dispuestas.

En vista de las circunstancias anteriores, el 24 de marzo de 2023, Continium presentó un *Recurso de revisión de administración – Adjudicación de la Administración de Servicios Médicos de Puerto Rico – Solicitud de propuesta de servicios profesionales mediante el proceso extraordinario de contratación bajo estado de emergencia* (en adelante, *Recurso de revisión administrativo*) ante la Junta Revisora de Subastas de la Administración de Servicios Generales (en adelante, Junta Revisora de Subastas de la ASG).[5] En dicho recurso, la parte recurrente solicitó a la Junta Revisora de Subastas de la ASG que dejase sin efecto la adjudicación de la ASEM, por tratarse de una actuación arbitraria, caprichosa e irrazonable.

Por su parte, el 9 de mayo de 2023, la Junta Revisora de Subastas de la ASG emitió una *Resolución* en la que desestimó el *Recurso de revisión administrativo* presentado por Continium debido a falta de jurisdicción sobre la materia de contratación de servicios profesionales.[6] Asimismo, ordenó la devolución del caso a la ASEM para los trámites correspondientes.

Así las cosas, el 19 de mayo de 2023, la parte recurrida emitió una *Segunda enmienda nunc pro tunc a notificación de adjudicación propuesta de servicios profesionales mediante proceso extraordinario*

---

[5] Íd., Anejo 19, págs. 350-388.
[6] Apéndice 1 del *Alegato de oposición al recurso de revisión judicial* de la ASEM.

*de contratación bajo estado de emergencia* (en adelante, *Segunda enmienda a notificación de adjudicación de propuesta*) en la cual modificó la información relacionada con el procedimiento y los términos para solicitar revisión administrativa.[7] En esta ocasión, la ASEM hizo referencia a los términos establecidos en la LPAU, *supra.* La notificación detalló lo que a continuación se transcribe:

> La parte adversamente afectada por una decisión podrá presentar una moción de reconsideración ante la Junta de Revisión de Subastas de la Administración de Servicios Médicos de Puerto Rico, dentro del término de diez (10) días desde la fecha de la notificación de la adjudicación de propuesta mediante correo electrónico. La ASEM, según sea el caso, deberá considerar la moción de reconsideración dentro de los diez (10) días laborables de haberse presentado. Si se tomare alguna determinación en su consideración, el término para instar el recurso de revisión judicial empezará a contarse desde la fecha en que se archive en autos, copia de la notificación de la decisión de la ASEM resolviendo la moción de reconsideración. Si la ASEM dejare de tomar alguna acción con relación a la moción de reconsideración dentro de los diez (10) días de haberse presentado, se entenderá que esta ha sido rechazada de plano, y a partir de esa fecha comenzará a correr el término para la revisión judicial. El escrito inicial de revisión judicial deberá ser presentado en el Tribunal de Apelaciones dentro del término dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.
>
> Si la ASEM acoge la solicitud de reconsideración dentro del término provisto para ello, deberá emitir la resolución en reconsideración dentro de los treinta (30) días siguientes a la radiación de la moción de reconsideración. Si la ASEM acoge la moción de reconsideración, pero dejase de tomar alguna acción con relación a la moción dentro de los treinta (30) días de esta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de treinta (30) días.
>
> La ASEM podrá extender dicho término una sola vez, antes de que este culmine, por un término adicional de quince (15) días.
>
> La parte adversamente afectada por la determinación de la Junta Revisora de Subastas podrá presentar un recurso de revisión ante el Tribunal de Apelaciones conforme a lo establecido en Ley 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico". El escrito inicial de revisión judicial deberá ser presentado en el Tribunal de Apelaciones

---

[7] Apéndice del *Recurso de revisión judicial* de la parte recurrente, Anejo 20, págs. 389-401. Según surge del expediente, la notificación de la segunda enmienda a la adjudicación se realizó en la misma fecha, es decir, el 19 de mayo de 2023. Véase, específicamente, la pág. 401.

dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

El 26 de mayo de 2023, Continium presentó un *Recurso de revisión de administración – Adjudicación de la Administración de Servicios Médicos de Puerto Rico – Solicitud de propuesta de servicios profesionales mediante el proceso extraordinario de contratación bajo estado de emergencia*, pero esta vez ante la Junta de Revisión de Subastas de la ASEM.[8] En dicho recurso, la parte recurrente reiteró su solicitud de dejar sin efecto la adjudicación de la ASEM, por tratarse de una actuación arbitraria, caprichosa e irrazonable.

En este contexto, mediante *Orden* emitida el 6 de junio de 2023, la Junta de Revisión de Subastas de la ASEM acogió el recurso presentado por Continium.[9] A su vez, informó que se evaluarían los méritos del recurso en los próximos treinta (30) días.

Más tarde, el 12 de julio de 2023, la Junta de Revisión de Subastas de la ASEM declaró "No ha lugar" la solicitud de la parte recurrente al considerar que no constituía una determinación arbitraria, caprichosa ni irrazonable.[10] En concreto, particularizó que: (1) la ASEM adjudicó al postor que representada el mejor valor; (2) era medular para la ASEM que Continium se comprometiera a cumplir con el personal necesario; no obstante, Continium no descartó la posibilidad de no cumplir con el patrón de personal, una situación que fue discutida previamente entre las partes; y (3) a pesar de que Continium presentó el menor costo en nómina y beneficios marginales en la planilla de empleados, no fue posible verificar esto de manera precisa debido a la falta de desglose en los costos por clasificación de personal, por hora y por turno. Esta falta

---

[8] Íd., Anejo 21, págs. 402-440.
[9] Íd., Anejo 22, pág. 441.
[10] Íd., Anejo 23, págs. 442-448.

de transparencia genera incertidumbre en el proceso, especialmente considerando los desafios que Continium experimentó para reclutar y retener personal.

Además, en la *Resolución JR-23-01,* la Junta de Revisión de Subastas de la ASEM incluyó una advertencia respecto a los términos para solicitar revisión judicial. Haciendo referencia a los términos establecidos en la LPAU, *supra,* la notificación detalló lo siguiente:

> La Ley Núm. 38 de 30 de junio de 2017, según enmendada, dispoone los siguiente:
>
> Sección 4.2. — Términos para Radicar la Revisión
>
> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la **Sección 3.15 de esta Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico**, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Disponiéndose, que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, <u>el término se calculará a partir de la fecha del depósito en el correo.</u>
>
> En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, Junta Revisora de la Administración de Servicios Generales (ASG) o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un **término de veinte (20) días**, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, la Junta Revisora de la ASG o la entidad apelativa, o dentro del **término aplicable de veinte (20) días calendario** de haber transcurrido el plazo dispuesto por la **Sección 3.19** de esta Ley. La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación de la subasta impugnada. (énfasis y subrayado en el original)

Inconforme con dicha determinación, el 11 de agosto de 2023, Continium presentó el recurso que nos ocupa. En el mismo, imputa la comisión del siguiente error:

> Erró la ASEM al adjudicar la solicitud de propuesta a favor de MCCS habiendo presentado esta una propuesta que resulta ser m[á]s costosa para la ASEM, lo que constituye una actuación arbitraria, caprichosa e irrazonable de la agencia. Adem[á]s, la ASEM utiliza varios pretextos, todos arbitrarios y caprichosos, para descartar a Continium, quien resulta ser el proponente menos oneroso para la agencia, lo que hubiese beneficiado el interés p[ú]blico de ASEM.

Para respaldar su posición, la parte recurrente argumenta que la ASEM actuó de manera arbitraria, caprichosa e irrazonable por las siguientes razones: (1) la propuesta de MCCS resultó ser más costosa que la de Continium, poniendo en riesgo la continuidad de los servicios en la instalación hospitalaria y es contrario al interés público al promover un gasto innecesario de fondos públicos; (2) descartó la propuesta inicial de Continium, modificó de manera irrazonable la solicitud de propuestas y obligó a los proponentes a someter propuestas bajo el modelo de "fee for service"; (3) determinó que Continium ha incumplido con el requisito de proveer un desglose del costo por empleado por turno cuando MCCS no incluyó el detalle del costo total estimado de su propuesta y, lo más importante aún, esto no era un requisito de la solicitud de propuestas; (4) asumió que Continium no tendría la capacidad de cumplir con el patrón de personal requerido; y (5) realizó un análisis irrazonable al evaluar la nómina propuesta por MCCS, sin tomar en consideración que esta compañía representa el mayor costo en nómina y es el proponente más oneroso para la agencia. Por todo ello, solicita que esta Curia invalide la adjudicación de la ASEM, mediante el proceso extraordinario de contratación bajo estado de emergencia a favor de MCCS.

Por su parte, la ASEM sostiene que, a lo largo del contrato, Continium incumplió constantemente con sus obligaciones. Sin embargo, con el propósito de evitar que se interrumpiera la continuidad de los servicios de la ASEM, le notificó su interés de renovar el contrato en los mismos términos por un período adicional de tres (3) meses, mientras se confeccionaba un nuevo proceso de

contratación. Ante ello, la parte recurrente exigió como condición que se redujera el número de personal requerido en el contrato, se revisaran las metas de cobro y se aumentara el por ciento de remuneración a ser computada sobre la base de los recaudos.

La parte recurrida afirma que las condiciones que Continium imponía para la renovación o extensión del contrato implicaban enmiendas sustanciales sobre el RFP2019-002. Como consecuencia de lo anterior, no renovó o extendió el contrato. También asegura que, ante la situación de la finalización del contrato y la posibilidad de que Continium retirara el personal, suscribió una declaración de estado de emergencia para garantizar la continuación de los servicios ofrecidos por la ASEM. Además, solicitó de manera informal propuestas sobre los servicios ofrecidos en el hospital.

En cuanto al proceso de solicitud de propuestas, la ASEM establece que la invitación especificó, entre otras cosas, "que el proceso y determinación final no estaría sujeto a revisión alguna".[11] Además, destaca que Continium estaba al tanto de esta condición, y a pesar de ello, decidió participar en el proceso. Por lo cual, no tiene derecho a solicitar una revisión judicial, y el tribunal no puede evaluar dicho recurso debido a falta de jurisdicción en este caso.

De otro lado, la ASEM también argumentó que las notificaciones relacionadas con el proceso de adjudicación fueron defectuosas. En primer lugar, sostiene que la *Enmienda a notificación de adjudicación de propuesta* emitida el 20 de marzo de 2023 fue defectuosa al hacer referencia a la Junta Revisora de la ASG como foro revisor, dado que dicha entidad se encarga exclusivamente de evaluar asuntos relacionados con la adquisición y contratación de servicios no profesionales. Agrega que los servicios proporcionados por la ASEM son de índole profesional.

---

[11] Véase, *Alegato de oposición al recurso de revisión judicial* de la ASEM, pág. 6.

En segundo lugar, expone que la *Segunda enmienda a notificación de adjudicación de propuesta* emitida el 19 de mayo de 2023 fue defectuosa ya que, por error o inadvertencia, no detalló el derecho aplicable en casos de contratación de servicios profesionales bajo la única ley aplicable a estos procesos: la Ley Núm. 237-2004, según enmendada, y la Orden Ejecutiva 2021-029. También señala que, incluso en la eventualidad de que se tratara de una contratación sujeta a licitación, la notificación omitió el Artículo 11 de la Ley Núm. 66 de 22 de junio de 1978, según enmendada, y el Reglamento de Compras de la ASEM.

Por último, la parte recurrida alega que también la *Resolución Núm. JR- 23-01*, emitida el 12 de julio de 2023 por la Junta de Revisión de Subastas de la ASEM, fue defectuosa debido a que: (1) citó el Artículo 4.2 de la LPAU, *supra*, sin ser aplicable al proceso en cuestión y (2) omitió los estatutos aplicables a la contratación de servicios profesionales, tales como: la Ley Núm. 237-2004, la Orden Ejecutiva 2021-029 y el Reglamento de Compras de la ASEM.

En síntesis, la parte recurrida argumenta que el tribunal carece de jurisdicción debido a que el proceso no admite revisión, según el derecho aplicable. En la alternativa, sostiene que la notificación del 12 de julio de 2023 fue crasamente defectuosa, lo que conlleva su nulidad y hace que el presente recurso sea prematuro. Por estas razones, solicita la desestimación del recurso o se confirme la resolución recurrida en su totalidad.

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa que gobierna los asuntos ante nuestra consideración.

**II.**

**A.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Fideicomiso de*

*Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 2023 TSPR 26, 211 DPR ___ (2023). Es por ello que la falta de jurisdicción de un tribunal incide directamente sobre el poder del mismo para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020). Por tal razón, es norma reiterada que los tribunales son celosos guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros. *Pueblo v. Torres Medina*, 2023 TSPR 50, 211 DPR ___ (2023).

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*. *Allied Mgmt. Group v. Oriental Bank, supra.*

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*; *Autoridad para el Financiamiento de la Infraestructura de Puerto Rico v. Carrión Marrero, supra*; *Mun. De San Sebastián v. QMC Telecom,* 190 DPR 652 (2014).

En lo aquí pertinente, la Regla 83 del Tribunal de Apelaciones dispone que:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) **que el Tribunal de Apelaciones carece de jurisdicción;**

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o

(5) que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

(Énfasis nuestro).

**B.**

Es menestar destacar que, la Ley Núm. 38 de 2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, 3 LPRA secs. 9601-9713 (LPAU), es el cuerpo legal que "codifica las pautas mínimas que deben garantizar las agencias administrativas cobijadas por ese estatuto". *St. James Security Services, LLC v. Autoridad de Energía*, 2023 TSPR 149, 213 DPR __ (2023); *ACT v. PROSOL et als.*, 210 DPR 897, 907 (2022). Véase, además, *Fonte Elizondo v. F & R Const.*, 196 DPR 353, 358 (2016). Entre las agencias administrativas cobijadas por la LPAU, *supra*, se encuentran las corporaciones públicas. 3 LPRA sec. 9603.

Con relación al asunto que nos ocupa, la Sección 3.19 de la LPAU, *supra*, **es la normativa que regula todos los aspectos relacionados con el procedimiento y los términos que tiene una parte afectada en un proceso de adjudicación de subasta <u>o requerimiento de propuesta</u> para solicitar la reconsideración o revisión administrativa de dicha decisión**, en caso de entenderlo necesario. *St. James Security Services, LLC v. Autoridad de Energía*, supra.

Tras finalizar ese proceso de reconsideración o revisión administrativa, la Sección 4.2 de la LPAU, *supra*, establece lo

pertinente en cuanto al derecho de las partes a solicitar revisión judicial. *St. James Security Services, LLC v. Autoridad de Energía*, supra. Este derecho puede ejercerse luego de la correspondiente reconsideración o revisión administrativa, o cuando la agencia no tome ninguna acción en relación con dicha reconsideración o revisión administrativa. En concreto, la referida sección establece que:

> **En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia,** de la Junta Revisora de Subastas de la Administración de Servicios Generales, o de la entidad apelativa de subastas, según sea el caso, **podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de veinte (20) días**, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, la referida Junta Revisora de Subastas de la Administración de Servicios Generales o la entidad apelativa, o dentro del término aplicable de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley. La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación de la subasta impugnada.

(Énfasis nuestro).

### III.

Conforme al tracto procesal, reseñado, así como el derecho aplicable, según el mismo fuera expuesto previamente, nos corresponde desestimar el recurso ante una clara ausencia de jurisdicción. Efectivamente, la ASEM emitió **múltiples notificaciones defectuosas. No obstante, y a diferencia de lo afirmado por la ASEM tanto en su *Alegato de oposición al recurso de revisión judicial* y en su *Moción de desestimación al recurso de revisión judicial*, la notificación de la *Resolución Núm. JR-23-01*, emitida y notificada el 12 de julio de 2023, objeto del presente recurso, no fue defectuosa.** A continuación, explicamos el tracto procesal.

Según surge de la información contenida en el expediente del caso, el 10 de marzo de 2023 la ASEM adjudicó y notificó la *Propuesta de servicios profesionales*, en la cual Continium no fue favorecida, siendo la propuesta de MCCS la seccionada. En dicha

notificación, la ASEM hizo referencia a los términos establecidos en la Sección 3.19 de la LPAU, *supra,* para la presentación de los recursos de reconsideración y revisión administrativa.[12] En cuanto al recurso de revisión administrativa, de manera equivocada, la ASEM hizo referencia a la Junta Revisora de la ASG como el foro revisor. Es relevante señalar que, este foro se ocupa únicamente de asuntos relacionados con servicios no profesionales, y en este caso no hay controversia acerca de que los servicios proporcionados por la ASEM son servicios profesionales.

Más tarde, el 20 de marzo de 2023, la ASEM emitió una notificación enmendada. En esta instancia, y de manera incorrecta, nuevamente, la ASEM hizo referencia a los términos establecidos en los Artículos 64, 65 y 66 la Ley Núm. 73-2019 para la presentación del recurso de revisión administrativa.[13] En respuesta a esto, el 24 de marzo de 2023, la parte recurrente presentó un *Recurso de revisión administrativo* ante la Junta Revisora de Subastas de la ASG. Posteriormente, el 9 de mayo de 2023, la Junta Revisora de Subastas de la ASG  desestimó el recurso presentado por Continium debido a falta de jurisdicción sobre la materia de contratación de servicios profesionales.[14]

En este contexto, el 19 de mayo de 2023, la ASEM emitió una segunda notificación enmendada. En esta ocasión, hizo referencia a los términos establecidos en las Secciones 3.19 y 4.2 de la LPAU, *supra,* para la presentación de los recursos de reconsideración y revisión judicial.[15] No obstante, no proporcionó información acerca de los términos para la revisión administrativa y, de manera incorrecta, notificó que "[e]l escrito inicial de revisión judicial **deberá**

---

[12] Apéndice del *Recurso de revisión judicial* de la parte recurrente, Anejo 17, págs. 334-335.
[13] Íd., Anejo 18, págs. 347-348.
[14] Apéndice 1 del *Alegato de oposición al recurso de revisión judicial* de la ASEM.
[15] Apéndice del *Recurso de revisión judicial* de la parte recurrente, Anejo 20, págs. 400-401.

**ser presentado en el Tribunal de Apelaciones dentro del término jurisdiccional de treinta días…"**, siendo este un proceso de requerimiento de propuestas, en donde al igual que el proceso de subasta, aplica el término de veinte (20) días, acorde con con la Sección 4.2 de la LPAU, *supra.*

De todos modos, el 24 de mayo de 2023, Continium presentó un recurso de revisión ante la Junta de Revisión de Subastas de la ASEM. Finalmente, el 12 de julio de 2023, la Junta de Revisión de Subastas de la ASEM declaró "No ha lugar" la solicitud de la parte recurrente. En ese dictamen, la Junta de Revisión de Subastas de la ASEM incluyó una advertencia acerca de los términos para solicitar revisión judicial. Haciendo referencia a los términos establecidos en la Sección 4.2 de la LPAU, *supra,* la notificación detalló lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la **Sección 3.15 de esta Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico**, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Disponiéndose, que, si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, <u>el término se calculará a partir de la fecha del depósito en el correo.</u>

> En los casos de impugnación de subasta, la parte adversamente afectada por una orden o resolución final de la agencia, Junta Revisora de la Administración de Servicios Generales (ASG) o de la entidad apelativa de subastas, según sea el caso, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un **término de veinte (20) días**, contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia, la Junta Revisora de la ASG o la entidad apelativa, o dentro del **término aplicable de veinte (20) días calendario** de haber transcurrido el plazo dispuesto por la **Sección 3.19** de esta Ley. La mera presentación de una solicitud de revisión

al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación de la subasta impugnada.[16]

De acuerdo con lo anterior, **la notificación estuvo exenta de defectos.** La Junta de Revisión de Subasta de la ASEM citó de manera precisa las disposiciones aplicables en este caso. Véase, *St. James Security Services, LLC v. Autoridad de Energía,* supra. Por consiguiente, dado que la resolución se emitió y notificó el 12 de julio de 2023, **Continium tenía hasta el 1 de agosto de 2023 para presentar su recurso de revisión ante el Tribunal de Apelaciones**, según lo establecido en la Sección 4.2 de la LPAU, *supra.* Sin embargo, **acudió ante nos el 11 de agosto de 2023**. En otras palabras, al presentar el recurso de revisión judicial de manera tardía, privó a este tribunal de jurisdicción.

Por lo tanto, se desestima por fundamentos distintos a los expresados por la ASEM.

### IV.

Por los fundamentos que anteceden, se desestima el recurso de revisión judicial instado por la parte recurrente, por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Sánchez Ramos concurre con la determinación de desestimar el recurso por considerar que, en las circunstancias particulares de este caso, el proceso seguido por la agencia no tenía que estar, y en este caso no está, sujeto a revisión judicial.

La Jueza Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[16] Íd., Anejo 23, págs. 447-448.